In re CONTINENTAL AIRLINES CORPORATION, Debtor.

UNITED STATES of America (Internal Revenue Service), Appellant,

v.

CONTINENTAL AIRLINES CORPORATION, Appellee.

Civ. A. No. 85–5717.

United States District Court,
S.D. Texas,
Houston Division.

April 22, 1986.

**6**

Steven A. Maurer, Dept. of Justice, Dallas, Tex., for U.S.

Lenard M. Parkins, Sheinfeld, Maley & Kay, Houston, Tex., for Continental Airlines Corp.

## OPINION AND ORDER

McDONALD, District Judge.

Pending before the Court is the United States of America's appeal from an August 16, 1985, Order of the United States Bankruptcy Court, Case No. 83–04019–H2–5. The Court concludes that the Order of August 16, 1985, should be affirmed.

On November 10, 1983, Continental Airlines, Inc. ("CAL"), as debtor and debtor-in-possession filed its Motion for Order Authorizing Debtor-in Possession to Pay Pre-Petition Taxes. On December 12, 1983, the United States of America (Internal Revenue Service—IRS) filed its memorandum of law in support of CAL's motion. Thereafter, on January 18, 1984, the United States filed its Motion for Distribution of Trust Fund Taxes. The United States' Motion and CAL's Motion were consolidated for hearing by Order of the Bankruptcy Court dated February 2, 1984. From February 1984, until November 1984, various motions were filed by other parties regarding the distribution of certain trust fund taxes claimed by the United States. On November 27, 1984, the Bankruptcy Court issued its "Order Denying Debtor's Motion to Pay Pre-Petition Taxes and Motion of the United States of America (Internal Revenue Service) for Distribution of Certain Trust Fund Taxes." In that Order, the Bankruptcy Court found that "no monies or funds were held in trust by CAL on behalf of the Internal Revenue Service and the proceeds deposited in escrow by CAL constitute property of CAL's estate." In the opinion portion of the Order, the Bankruptcy Court also found it appropriate to issue a memorandum opinion on the motions at a later date. Within the same document, the Bankruptcy Court set out its Order. The fourth subdivision of its Order stated that in "the event a timely appeal is taken the Court reserves the right to augment this Order...." Six months later on May 13, 1985, the United States moved the Bankruptcy Court for an Entry of Judgment. Attached to the Motion is an affidavit by Steven A. Maurer, counsel for the United States of America (IRS). Attorney Maurer stated that he appeared at the October 22, 1984, hearing on the consolidated motions and did not receive notice of the November 27, 1984, Order until May 2, 1985, while he was in Houston reviewing another file in the Clerk's office.

On August 27, 1985, the Bankruptcy Court denied the United States' Motion for Entry of Judgment. The United States filed its Notice of Appeal and Designation of Record.

### Separate Document Rule

██ The United States initially argues that the Order of November 27, 1984, was not an appealable judgment. Rule 9021(a) requires that every judgment, entered by the Bankruptcy Court in an adversary proceeding, be set forth on a separate document. Rule 9021(a), Bankruptcy Rules (1984). There is no sound reason why every judgment should be evidenced by a separate document. Rule 9021(a), Advisory Committee Note, Bankruptcy Rules (1984). Moreover, Rule 9021(a) was derived from Rule 58, Federal Rules of Civil Procedure, and the Supreme Court of the United States ruled that the separate document requirement in Rule 58, Fed.R.Civ.P. should not be applied in a strict, mechanical approach where the intention of the Court was to enter an appealable judgment. *Bankers Trust Company v. Mallis, et al.,* 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978).

A careful review of the Bankruptcy Court's November 27, 1984, Order reveals that the Court expressly noted in part four

of its Order its intent to issue an appealable judgment. Therefore, the Court finds that the November 27, 1984, Order was an appealable judgment.

### ABUSE OF DISCRETION

The United States also asserts that the Bankruptcy Court abused its discretion by not granting to the United States relief from the November 27, 1984, judgment on the basis of Rule 60(b)(6), Fed.R.Civ.P. The United States argues that it is entitled to relief from judgment because it did not receive a copy of the November 27, 1984, Order until May 2, 1985, and the non receipt effectively deprived it of a right to appeal an Order affecting a twelve million dollar claim for taxes.

Rule 9024 of the Bankruptcy Rules makes Rule 60, Fed.R.Civ.P., applicable in this Bankruptcy case. Rule 60(b)(6) Fed.R. Civ.P., authorizes the Court to relieve a party from a final judgment or order for any reason justifying relief from the operation of a judgment. Rule 60(b)(6), Federal Rules of Civil Procedure. In this particular case, the Court concludes that the United States should not be granted additional time to file an appeal based upon Rule 60(b)(6).

Pursuant to Rule 9022, Bankruptcy Rules, the clerk is required to serve notice of the entry of a judgment on the contesting parties. The rule requires that service be noted in the docket. In this case service on the United States is not noted in the docket. Rule 9022 also states that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the Court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Rule 8002 requires that a notice of appeal be filed within ten (10) days of the entry of the judgment or order.

 The United States contends that relief should be granted under Rule 60(b) Fed.R.Civ.P. because it did not receive notice of the November 21, 1984, Order until May 2, 1985. The use of Rule 60(b) as an extension of a party's appeal period re-

quires a showing of extraordinary circumstances. *United States v. O'Neil,* 709 F.2d 361 (5th Cir.1983). The type of extraordinary circumstances recognized by the courts is where counsel used due diligence to discover the entry of a judgment but nevertheless failed to discover the entry in time to appeal. That type of extraordinary circumstance does not exist here because the United States completely failed to exercise due diligence in discovering the entry of judgment. The United States had every reason to expect that a written order disposing of the Pre-Petition Tax Motions would be issued in or about November, 1984. The United States was present in Judge Robert's chambers on October 22, 1984, when Judge Roberts orally denied the Pre-Petition Tax Motions and stated that an order would be entered once an appropriate form was submitted. Exhibit Number One of Appellee's response brief (a letter of October 26, 1984) shows that counsel for Appellee presented all parties to the Pre-Petition Tax Motions, including the United States, with a proposed order reflecting Judge Roberts' October 22 ruling. The letter also invited comments from the United States regarding the proposed order and indicated that counsel for Appellee hoped to be in a position to present the order to the Bankruptcy Court during the following week. Notwithstanding the notification to the United States and the invitation for the United States' input into development of the proposed order, it never once contacted Appellee or its counsel regarding the substance of the proposed order or the timing of its submission to the Bankruptcy Court. Moreover, the United States made no ascertainable attempts to ascertain whether an order regarding the Pre-Petition Tax Motions had been entered prior to May 1985.

These facts establish a lack of due diligence on the part of the United States. As stated earlier the Bankruptcy Judge was not authorized to extend the time for appeal merely because notice was not received by a party. Rule 9022. Notice of Entry of Judgment by the clerk is merely

for the convenience of the litigants. *Wilson v. Atwood,* 702 F.2d 77 (5th Cir.1983). The United States had an affirmative duty to monitor the docket, and by neglecting to fulfill this duty, it cannot be entitled to the extraordinary relief from the Order as provided in Rule 60(b), Fed.R.Civ.P. Accordingly,

It is ORDERED, ADJUDGED and DECREED that the United States' appeal from the August 16, 1985, Order of the United States Bankruptcy Court is hereby DENIED and the August 16, 1985, Order is AFFIRMED.