**United States Bankruptcy Appellate Panel**
**FOR THE EIGHTH CIRCUIT**

No. 97-6055

In re:   Food Barn Stores, Inc.  *
           *
    Debtor   *
           *
Hartford Casualty Insurance Co. *
           * Appeal from the United States
    Appellant * Bankruptcy Court for the
           * Western District of Missouri
  vs.      *
           *
Food Barn Stores, Inc.  *
           *
           *  Appellee

Submitted: September 30, 1997
Filed:  November 14, 1997

Before KRESSEL, SCHERMER, and SCOTT

SCOTT, Bankruptcy Judge

I

Hartford Casualty Insurance Company ("Hartford") appeals from an order denying a motion to extend the time for filing a Notice of Appeal.  Inasmuch as the bankruptcy court did not clearly err in its determination that the appellant failed to show excusable neglect, we affirm.

Food Barn Stores, Inc. ("Food Barn") filed its Chapter 11 petition in bankruptcy on January 5, 1993. Hartford timely filed its proof of claim in the case on January 22, 1993. On the same date, Hartford's counsel filed a Request for Notice and Entry of Appearance. Hartford thereafter was properly served with all objections, motions, and notices, at the address on the Request for Notice.

On August 31, 1994, the debtor filed a Motion to Deny Claims. This motion contained objections to numerous claims filed by various creditors, including the Hartford claim. The Motion included a notice of a hearing date, October 20, 1994, and advised that a response to the motion should be filed at least five days prior to the date set for hearing. Hartford's attorney received the motion but, apparently not realizing that the motion contained an objection to its claim, took no action in response to the motion. On October 20, 1994, no response having been filed, and no one appearing at hearing on behalf of Hartford, the bankruptcy court entered an order sustaining the objection to Hartford's proof of claim.

Twenty-seven months later Hartford filed a Motion for Reconsideration of the October 20, 1994, order disallowing its claim. Hearing was held and the motion was denied mainly due to Hartford's failure to show excusable neglect in not defending its proof of claim. Hartford then moved for reconsideration of the order denying reconsideration of the October 20, 1994, order. This motion was also denied by order entered June 6, 1997. It was not until June 17, 1997, however, that Hartford submitted a Notice of Appeal of the June 6, 1997, Order.[1] On that same date it also filed a Motion for Leave to

---

[1]Although the Notice of Appeal was submitted to the clerk for filing, it was apparently later "withdrawn." The Notice of Appeal in the record has VOID written across the clerk's file stamp. Thus, it does not appear that there is a valid Notice of Appeal filed in the bankruptcy case.

File Notice of Appeal out of Time.  That motion was denied in a brief order entered on June 23, 1997.  Hartford timely filed its Notice of Appeal from this order three days later.  It is the order denying Hartford's Motion for Leave to File Notice of Appeal Out of Time that is before this Court.

II

This Court reviews the bankruptcy court's findings of fact for clear error and reviews legal conclusions <u>de novo</u>. Fed. R. Bankr. Proc. 8013; <u>First National Bank of Olathe v. Pontow</u>, 111 F.3d 604, 609 (8th Cir. 1997). While the meaning of "excusable neglect" is a question of law, whether excusable neglect exists is a question of fact and thus the trial court's findings may be reversed only if they are clearly erroneous. <u>Cf.</u> <u>Belfance v. Black River Petroleum, Inc.</u> (<u>In re Hess</u>), 209 B.R. 79, 80 (BAP 6th Cir. 1997).

## III

Rule 8002(a), Federal Rules of Bankruptcy Procedure, requires that a Notice of Appeal be filed within ten days of entry of the order from which an appeal is taken. Once the time for filing an appeal has expired, "an appellate court is without authority to exercise its jurisdiction." <u>Vogelsang v. Patterson Dental Co.</u>, 904 F.2d 427, 429 (8th Cir. 1990); <u>accord</u> <u>Crockett v. Lineberger</u>, 205 B.R. 580, 581 (8th Cir. BAP 1997). However, Rule 8002(c) provides that the bankruptcy court may enlarge the time for filing a notice of appeal "for a period not to exceed 20 days from the expiration of the time otherwise prescribed." The rule also permits, in most circumstances, an untimely request--one made after the time for filing the notice of appeal--upon a showing of excusable neglect.

Hartford argues that the bankruptcy court erred in failing to undertake an equitable analysis as required by <u>Pioneer Investment Services Company v. Brunswick Associates Limited Partnership</u>, 113 S. Ct. 1489 (1993), and that excusable neglect existed. Specifically, it asserts that the failure to timely file the notice of appeal was due solely to counsel's mistake in calculating the time under Rule 6(a) of the Federal Rules

4

of Civil Procedure, rather than Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.[2]

---

[2]Under the Federal Rules of Civil Procedure holidays and weekends are not taken into account in calculating a time period less than eleven days.  In contrast, under the Federal Rules of Bankruptcy Procedure holidays and weekends are excluded in calculating any time period of less than eight days. Since the ten-day period for filing an appeal falls between these two methods of calculation, whether Rule 6(a) of the Federal Rules of Civil Procedure or Rule 9006 of the Federal Rules of Bankruptcy Procedure applies makes a difference.

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 113 S. Ct. 1489 (1993), the Supreme Court addressed the burdens and standards a party must meet when seeking a determination of excusable neglect. Whether a party's neglect of a deadline is excusable is an equitable determination, "taking account of all the relevant circumstances surrounding the party's omission." *Id*. at 1498. Factors for consideration include:

(1) The danger of prejudice to the debtor;

(2) The length of the delay and its potential impact on judicial proceedings;

(3) The reason for the delay, including whether it was within the reasonable control of the movant; and

(4) Whether the movant acted in good faith.

*Pioneer Investment*, 113 S. Ct. at 1498. The proper focus is upon whether the neglect is excusable. *Id.* at 1499.

While all of these factors are to be analyzed by the Court, it is first the movant's burden to demonstrate to the trial court that excusable neglect exists. *McGraw v. Betz* (*In re Bell & Beckwith*), 112 B.R. 879, 880 (N.D. Ohio 1990). Hartford's motion before the bankruptcy court, however, stated only that it was unclear whether Rule 9006, Federal Rules of Bankruptcy Procedure, or Rule 6(a), Federal Rules of Civil Procedure, applied,[3] and that Hartford's counsel, in calendaring, relied on Rule 6(a) rather than Rule 9006. Hartford made no argument raising the equitable factors it now asserts before this Court. By failing to even argue these factors before the bankruptcy court, Hartford failed to meets its burden of demonstrating excusable neglect.

---

[3]Inasmuch as it is well-settled that Rule 9006 applies rather than Rule 6(a), Fed. R. Civ. Proc. 81(a)("These rules...do not apply to proceedings in bankruptcy..."); e.g., Aycock v. Eaton (In re Eichelberger), 943 F.2d 536, 538-39 (5th Cir. 1991), Hartford prudently did not pursue this argument on appeal.

Moreover, we find, in examining the _Pioneer_ factors, that the bankruptcy court did not err in its determination that excusable neglect did not exist.  Like the bankruptcy court's earlier determination of May 8, 1997, there is no indication of bad faith on the part of Hartford or a lengthy delay in filing this motion. However, the remaining factors weigh

heavily against a finding that the neglect is excusable.  Cf.
Pyramid Energy Limited v. Duquoin National Bank (In re Pyramid
Energy Limited), 165 B.R. 249 (Bankr. S.D. Ill 1994)(although
many factors weighed in favor of excusable neglect, where delay
was in control of party, no excusable neglect existed).  In
this instance delay was solely within the control of Hartford.
It was Hartford's responsibility to review the rules, ascertain
the correct date for filing the Notice of Appeal, and to timely
file the Notice of Appeal.  There was no reason offered other
than neglect for its failure to do these acts.  Indeed,
Hartford apparently located the relevant rule regarding time
to file an appeal from a bankruptcy court order in the logical
place, the Federal Rules of Bankruptcy Procedure, but there is
no excuse offered for not locating the procedure to follow
regarding the proper calculation of time for taking an appeal
within the same set of rules.

Courts have long held, both prior to and after Pioneer,
that ignorance or misreading of the law, particularly in the
application of Rule 8002(c), does not constitute excusable
neglect. Silver Oak Homes, Ltd, 169 B.R. 349 (D. Md.
1994)(unfamiliarity with bankruptcy and reliance upon the
Federal Rules of Civil Procedure is not excusable neglect);
Romas v. Callahan (In re Callahan), 211 B.R. 131 (N.D.N.Y.
1997)(confusion over "proper procedure" is not excusable
neglect); Pyramid Energy, Ltd. v. Duquoin National Bank (In re
Pyramid Energy, Ltd.), 165 B.R. 249 (Bankr. S.D. Ill.
1994)(confusion as to whether to exclude holidays and weekends
is not excusable neglect); In re Auto Specialties MFG Co., 133
B.R. 384, 391-392 (Bankr. W.D. Mich. 1991); Thistlethwaite v.
Federal Deposit Insurance Corp. (In re Pernie Bailey Drilling
Co.), 111 B.R. 561 (Bankr. W.D. La. 1989); Federal Land Bank
of Columbia v. Fisher (In re Fisher), 65 B.R. 261 (Bankr. N.D.
Ga. 1986); Speciner v. Miller (In re Miller), 59 B.R. 572

8

(Bankr. E.D.N.Y. 1986); <u>Tyler v. Capitol Chemical Industries, Inc.</u> (<u>In re Metro Paper Co.</u>), 18 B.R. 831 (Bankr. D.D.C. 1982).

Moreover, as noted by the court in <u>Duquoin</u>, 165 B.R. 249, <u>Pioneer</u> does not, in fact, furnish relief for the error of applying an incorrect rule: "The Pioneer court, in assessing the culpability of counsel's actions, gave `little weight' to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date....Further, the court indicated that ignorance of the rules or a mistake in construing the rules does not constitute 'excusable

neglect' even under the liberal standard there espoused.  113 S. Ct. at 1496."  See also Harlow Fay, Inc. F. Federal land Bank of St. Louis (In re Harlow Fay, Inc.), 993 F.2d 1351 (8th Cir. 1993), cert. denied, 510 U.S. 825 (1993).

As to the remaining factor Hartford merely offers its legal conclusion that no prejudice results, but fails to offer any specific, factual argument regarding this element.  The record is not silent, however, on this point inasmuch as the bankruptcy court, in its earlier order of May 8, 1997, addressed the prejudice to the debtor if the litigation on the now almost three year old objection to Hartford's proof of claim were to go forward. In light of the passage of time in this case and litigation which would remain before the ultimate conclusion of this matter, the prejudice not only to the debtor, but to other creditors, as well as to the administration of the case, is obvious.  Since the time of the disallowance of the claim in October of 1994, the debtor has liquidated its assets and destroyed its books and records, including documents relating to the claims resolution process and documents relating to Hartford's proof of claim.  The debtor would be thus severely limited in its ability, at this late date, to prosecute the objection to claim.  Moreover, distribution under the plan of reorganization commenced and has progressed such that it appears that the plan may be substantially consummated. Since there is no indication that Hartford obtained a stay of the reorganization process, it is even questionable whether, by the time Hartford is able to obtain a hearing on the objection its claim, there would exist any funds for distribution to it.

Second, we do not believe the bankruptcy court "erred in failing to undertake an equitable analysis."  Although the bankruptcy court's order is brief, the record reveals that the bankruptcy court undertook the appropriate analysis.  In its

order of May 8, 1997, decided less than two months prior to the order at issue, the bankruptcy court thoroughly analyzed the <u>Pioneer</u> standard.  Thus, the record demonstrates that the trial court was well aware of the required analysis.  A reading of the bankruptcy court's citation to authority in the order of June 23, 1997, also indicates that it not only considered the facts of this case and the relevant law, but also undertook the appropriate analysis.

Lastly, although not an issue raised by the appellee, we note that this appeal may be moot.  The Federal Rules of Bankruptcy Procedure, as currently written, provide:

11

> The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule.

Fed. R. Bankr. P. 8002(c). Even if we were to agree with the appellant and reverse the decision of the bankruptcy court, the maximum relief that the bankruptcy court could grant under the rule would be to extend the time to timely file a notice of appeal to July 7, 1997. Since that time has long passed, neither this court nor the bankruptcy court can issue an order providing meaningful relief such that this appeal is moot.[4]

IV

The bankruptcy court's determination that Hartford failed to show excusable neglect with regard to Hartford's motion to extend the time for filing a Notice of Appeal under Rule 8002, Federal Rules of Bankruptcy Procedure was not clearly erroneous. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

---

[4]This result will be obviated by amendment to Rule 8002(c) which will be effective December 1, 1997. Under this amendment, the bankruptcy judge will have the authority to extend the time for filing a notice of appeal for up to ten days following the order granting the motion.