# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 99-6070SI

_____

In re: Billie Franklin Guske     *

      Debtor     *

Barbara M. Guske     *

      Plaintiff - Appellee     *    Appeal from the United States
      Bankruptcy Court for the
      Southern District of Iowa

      v.     *

Billie Franklin Guske     *

      Defendant - Appellant     *

_____

Submitted: December 29, 1999
Filed: January 13, 2000

_____

Before KOGER, Chief Judge, KRESSEL and WILLIAM A. HILL, Bankruptcy Judges.

_____

KOGER, Chief Judge.


Debtor Billie Franklin Guske appeals the Judgment of the Bankruptcy Court excepting his debt to Barbara M. Guske from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). For the reasons that follow, we reverse and remand the cause to the Bankruptcy Court for further findings.

Factual Background

The Debtor and Barbara Guske were married on December 5, 1969. On or about March 30, 1991, the parties executed a financial statement that indicated they had a net worth of $241,925.00. On or about April 10, 1992, the parties were divorced by the Iowa District Court, Dallas County, Iowa. The parties, who were represented by the same attorney in the dissolution proceedings, signed a consent dissolution decree which the state court approved. Among other things, the decree provided that neither party was to pay alimony to the other. In addition, the decree awarded certain stock and personalty to the Debtor and awarded certain real estate and personalty to Ms. Guske. In addition, the dissolution decree awarded Ms. Guske a judgment for $30,000 payable interest free within five years. The wording of the relevant provision was as follows:

> That Respondent [Billie F. Guske] shall pay to Petitioner [Barbara M. Guske], as and for property settlement, the sum of $30,000.00, without interest, within 5 years from the date of this decree; provided further, that any amount not paid within said 5 year period shall then draw interest at the rate of ten per cent (10%) per annum until paid.

The Debtor had paid approximately $1,400 toward the $30,000 obligation under the dissolution decree by paying some insurance premiums during the five-year interest-free period.

On May 27, 1997, some forty-seven days after the full unpaid balance became due under the dissolution decree, the Debtor filed his voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. On August 20, 1997, Barbara Guske filed a Complaint to Determine Dischargeability wherein she asserted that the Debtor's debt to her pursuant to the dissolution decree was nondischargeable under 11 U.S.C. § 523(a)(15), which renders nondischargeable certain debts relating to property divisions in connection with a divorce or separation. Ms. Guske amended her Complaint on August 21, 1997, to also assert a § 523(a)(2)(A) cause of action based on fraud.

On September 1, 1999, following a trial, the Bankruptcy Court entered an Order and Judgment finding and ordering that the $28,600.00 remaining on the unpaid balance plus

interest at 10% per annum from April 10, 1997, was nondischargeable under 11 U.S.C. § 523(a)(2)(A). Because the Bankruptcy Court determined the debt to be nondischargeable under § 523(a)(2)(A), it expressly declined to address the issues raised under § 523(a)(15).

## Standard of Review

We review findings of fact for clear error and legal conclusions *de novo*. See O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.), 118 F.3d 1246, 1250 (8th Cir. 1997); Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 214 B.R. 197, 199 (B.A.P. 8th Cir. 1997); see also Fed. R. Bankr. P. 8013. Because the Bankruptcy Court applied the correct legal principles and standard for nondischargeability under § 523(a)(2)(A), our review of its factual findings thereunder is under the clearly erroneous standard. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed.746 (1948); accord In re Waugh, 95 F.3d 707, 711 (8th Cir. 1996); Chamberlain v. Kula (In re Kula), 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997).

## Discussion

The Bankruptcy Court correctly held that in order to establish nondischargeability of a debt by reason of 11 U.S.C. § 523(a)(2)(A), the plaintiff must prove, by a preponderance of the evidence, five discrete elements. Those are:

1) that the debtor made a representation;

2) that at the time the debtor knew the representation was false;

3) that the debtor made the representation deliberately and intentionally and with the intention and purpose of deceiving the creditor;

4) that the creditor justifiably relied on such representation; and

5) that the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.

3

See In re Ophaug, 827 F.2d 340 (8ᵗʰ Cir. 1987), as refined by Field v. Mans, 516 U.S. 59, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995); see also Merchants Nat'l Bank of Winona v. Moen (In re Moen), 238 B.R. 785, 790 (B.A.P. 8ᵗʰ Cir. 1999).

In its Order, the Bankruptcy Court found that Ms. Guske met her burden of proving each of the elements of fraud under § 523(a)(2)(A). After carefully reviewing the entire record, we respectfully disagree. We concur that the record contains sufficient evidence to support a finding that Ms. Guske met her burden as to the first three elements, as well, perhaps, as the fifth element. However, because the record before us is devoid of any evidence regarding justifiable reliance, we find that Bankruptcy Court clearly erred in concluding that Ms. Guske met her burden of proving that element under § 523(a)(2)(A).

At the outset, we note that although Ms. Guske amended her Complaint to add the § 523(a)(2)(A) cause of action well before trial, counsel for both parties seemed to have forgotten this fact at trial. In his opening statement, counsel for Ms. Guske stated, "this action lives or dies entirely on this Court's interpretation and application of 11 U.S.C. Section 523(a)(15)." He made no mention of § 523(a)(2) in his opening statement. The trial then proceeded in a manner that conformed to counsel's statement: the evidence and arguments focused almost exclusively on the cause of action under § 523(a)(15). In fact, the first mention of § 523(a)(2)(A) came at what appeared to be the conclusion of the Debtor's testimony when, after the Debtor admitted he never intended to pay Ms. Guske (discussed more fully below), the Court prompted the Debtor's attorney that he might want to ask the Debtor some questions pertaining to § 523(a)(2)(A). Even then, neither attorney asked more than a few questions relevant to that cause of action. Finally, at the conclusion of the presentation of evidence and argument, which had been based almost exclusively on the elements of § 523(a)(15), counsel for Ms. Guske orally moved to amend the Complaint to add a basis of recovery under § 523(a)(2)(A) "for purposes of amending to conform to proof," apparently having forgotten that the Complaint had already been so amended long before trial.

Nevertheless, we reviewed the record and transcript very carefully for any evidence tending to support each of the elements of § 523(a)(2)(A). As the Bankruptcy Court found, the Debtor admitted at trial that he had no intention of ever paying his ex-wife the $30,000

4

property settlement obligation under the dissolution decree, essentially because he did not have the money to pay her. Specifically, the Debtor testified:

Q. [BY MS. GUSKE'S ATTORNEY]: Was it ever your intent to pay [Barbara] any of that property settlement?

A. [BY THE DEBTOR]: No, sir.

Q. You signed a decree that said you would, didn't you?

A. Well, I also told her I'd never pay her.

Q. All right. You told her you never intended to pay her off?

A. That's right.

At what appeared to be the conclusion of the Debtor's testimony,[1] the Court asked the Debtor about this again:

THE COURT: Did you tell Barbara Guske that you weren't going to pay that?

THE WITNESS: I sure did.

THE COURT: You had no intention of paying it?

THE WITNESS: I told her that for sure.

THE COURT: And when the Court, the Iowa district court, ordered you to pay that $30,000, you had no intention of paying it?

THE WITNESS: No, sir.[2]

After this testimony, it should have been relatively easy for Ms. Guske to prove a § 523(a)(2)(A) cause of action because intent is very often one of the most difficult, if not *the* most difficult element to prove. Because a debtor rarely, if ever, admits he made a promise to pay an obligation which he never intended to pay, and since the court cannot look inside

---

[1] As discussed more fully below, it is extremely rare for a debtor to admit under oath that he entered into an agreement to pay an obligation with no intent to fulfill that obligation. It is not surprising that this testimony caught the attention of the Bankruptcy Judge.

[2] It was at this point when the Court asked Debtor's counsel where he stood on § 523(a)(2)(A) and suggested to Debtor's counsel that it would be a good idea if he would ask some questions to clear that up.

the debtor's head to determine intent, courts have been required to formulate various lists and tests to help them determine intent based on the surrounding circumstantial evidence.  See e.g., In re Moen, 238 B.R. at 791 (because direct proof of intent is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred) (quoting In re Van Horne, 823 F.2d 1285, 1287 (8th Cir. 1987)).  Needless to say, this is often a difficult and time consuming task.  Very luckily for Ms. Guske, however, that was not the case here:  the Debtor freely admitted he never intended to pay the debt and thereby set a foundation (perhaps unwittingly) for proving a § 523(a)(2)(A) cause of action.

Clearly, the first three elements of fraud have been met at this point: the Debtor made a representation by signing the dissolution decree that he would pay the $30,000 obligation; the representation was admittedly knowingly false; and the debtor admittedly intended to never pay his wife, despite the promise to do so.

However, the record contains no evidence that Ms. Guske justifiably relied upon the representation contained in the dissolution decree.  We recognize that the standard for showing justifiable reliance as established by the Supreme Court in Field v. Mans is fairly low and that a party may justifiably rely on a misrepresentation even when she could have ascertained its falsity by conducting an investigation.  See Sanford Institution for Savings v. Gallo, 156 F.3d 71, 74 (1st Cir. 1998) (citing Restatement (Second) or Torts § 540, 541 cmt. a (1976)).  "However, the reliance on misrepresentations known to the victim to be false or obviously false is not justified; falsity which could have been discovered by senses during a cursory glance may not be relied upon."  Id. at 75 (citations omitted).  In other words, if there are any warning signs (i.e., obvious or known falsities, see Restatement § 541) either in the documents, in the nature of the transaction, or in the debtor's conduct or statements, the creditor has not justifiably relied on his representation.  Id.

In the case at bar, by signing the consent decree, the Debtor represented that he would pay Ms. Guske $30,000.  There was no evidence that the Debtor made any affirmative representation to Ms. Guske that he would pay her the money or honor the provisions of the dissolution decree.  To the contrary, as quoted above, the Debtor testified twice that he had told his wife he never intended to pay her.  This testimony set the groundwork for an obvious

6

defense to the § 523(a)(2)(A) action because if the Debtor had told Ms. Guske from the beginning that he did not intend to pay the debt, there clearly could be no justifiable reliance on her part.

Unfortunately, however, no one asked Ms. Guske (who followed the Debtor on the witness stand) whether the Debtor had ever told her that he did not intend to pay her. Although Ms. Guske testified from page 69 of the transcript to page 124 of the transcript, the only statement relevant to reliance came when she said she expected to be paid when they got the divorce. We recognize that the Bankruptcy Court may have discredited the Debtor's testimony on this issue.[3] However, it was Ms. Guske who bore the burden of proving she relied on the Debtor's representation that he would pay her the $30,000, and that her reliance was justifiable. Despite being presented with the opportunity and patent reason to do so, she never rebutted his statement that he had told her that he did not intend to pay the $30,000. A simple denial by her would have been sufficient to put the issue in play, but her total silence in response to his direct testimony left that testimony essentially uncontroverted.

Likewise, we believe Guske's testimony that she "expected [to receive the money] when we got the divorce," without more, is not enough to meet her burden of proving she justifiably relied on the dissolution decree, particularly considering the Debtor's uncontroverted testimony that he would not pay her. Although Ms. Guske was not required to conduct any investigation as to the truth of the Debtor's representation by signing the consent decree that he intended to pay the money, the evidence indicates that there were "obvious warning signs" of its falsity, namely, that he told her he would not pay it.

As a result, because the record contains no evidence that the plaintiff met her burden of proving she justifiably relied upon any alleged misrepresentation by the debtor, we conclude that the Bankruptcy Court's determination that the debt to her was

---

[3] On the issue of justifiable reliance, the Bankruptcy Court's Order merely states "The court finds that Barbara was unaware of [the Debtor's] intentions at the time of the signing of the stipulated dissolution of marriage decree," and that "Barbara justifiably relied upon these representations and was unaware of Bill's deceit when she signed the consent decree."

7

nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) was clearly erroneous. <u>See</u> <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); <u>In re Waugh</u>, 95 F.3d 707, 711 (8th Cir. 1996); <u>Chamberlain v. Kula (In re Kula)</u>, 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997).

Finally, we wish to comment that we believe the appropriateness of a § 523(a)(2)(A) action in typical cases involving marital obligations is questionable. Although the possibility exists that a case giving rise to a § 523(a)(2)(A) action in the marital obligation context may come along, we believe that under normal circumstances, debts arising out of marital dissolutions are more appropriately addressed under either § 523(a)(5) or § 523(a)(15).

In this case, the Bankruptcy Court expressly declined to address the alternative § 523(a)(15) action because he determined the debt was nondischargeable under § 523(a)(2)(A). Consequently, we believe it is appropriate to remand the matter for findings under the alternative § 523(a)(15) cause of action. Upon remand, the bankruptcy court's review shall be limited to the evidentiary record previously established in the trial of the adversary proceeding.

For the foregoing reasons, the judgment of the Bankruptcy Court is reversed and remanded for further findings pertaining to the cause of action under § 523(a)(15).

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT