In the Matter of William
L. HALL, Debtor.

No. 99–40867.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Lafayette.

March 5, 2001.

David Kleiman, Jonathan Polak and Jon B. Abels, Indianapolis, IN, for debtor.

J. Joseph Bainton, New York City, James J. Ammeen, Jr., Indianapolis, IN, John Burns, Fort Wayne, IN, for Welbilt.

### DECISION

ROBERT E. GRANT, Bankruptcy Judge.

By a decision and order entered on January 29, 2001, the court declined Welbilt Corporation's invitation to dismiss this case with some type of prejudice. The last day to appeal that decision was February 8, 2001. See Fed.R.Bankr.P. Rule 8002(a). Welbilt failed to file a notice of appeal within the time required. Instead, on February 21, 2001, it filed a motion for an extension of the deadline. The motion is based upon Bankruptcy Rule 8002(c), which authorizes the bankruptcy court to grant a belated extension, of not more than twenty days, of the deadline for filing a notice of appeal "upon a showing of excusable neglect." Fed.R.Bankr.P. Rule 8002(c)(2). To support the required demonstration of excusable neglect, movant submitted affidavits from its counsel which indicate that the failure to file a timely notice was the result of miscommunication between counsel's Indianapolis and Fort Wayne offices. The notice had been prepared in Indianapolis and sent to Fort Wayne on February 7, 2001, so that the Fort Wayne office could hand file it on February 8. Although the completed notice was received by the Fort Wayne office in time to permit a timely filing on February 8, counsel in Indianapolis failed to include any cover letter which explained the significance and urgency of the notice. As a result, when it was received in Fort Wayne without any accompanying instructions, the office staff treated it as nothing more than a file copy of a notice which had presumably been sent directly to the court; as a result, it was not brought to the attention of Fort Wayne counsel. Consequently, Indianapolis counsel was operating on the proposition that the notice of appeal had been filed by the Fort Wayne office, while counsel at the Fort Wayne office was operating on the proposition that Indianapolis had mailed the notice directly to the court. The fact that no one had actually filed the notice did not come to anyone's attention until February 19, 2001, when counsel were preparing the required appellate designations which were due on Tuesday, February 20.[1] The present motion, together with affidavits and a brief in support thereof, was filed on February 21, 2001. Debtor filed an objection on March 1, 2001. The matter is before the court for a decision on Welbilt's motion and the debtor's objection thereto.

Bankruptcy Rule 8002(c)(2) gives the court discretion to grant a belated motion for an extension of the ten day deadline for filing a notice of appeal, where the failure to make a timely filing arises out of "excusable neglect." The concept of excusable neglect was addressed by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates, Ltd., 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). There, the Court concluded that what might constitute excusable neglect is not limited to circumstances which are beyond a party's control, but also includes late filings which are caused by inadvertence, mistake or carelessness. Id., 507 U.S. at 388, 113 S.Ct. at 1495. It held that, ultimately,

> the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the debtor, the length of

---

1. The designation of the record and issues on appeal are to be filed within ten days after the filing of the notice of appeal. Fed.R.Bankr.P. Rule 8006. Assuming that the notice was filed on February 8, the tenth day thereafter was a Sunday and the court was closed for President's Day, Monday the 19th. As a result, the required designations were due by February 20, 2001.

the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether movant acted in good faith. *Id.*, 507 U.S. at 395, 113 S.Ct. at 1498. Although *Pioneer* was not addressing excusable neglect in the context of filing a notice of appeal, the courts that have subsequently considered the issue have concluded that its lenient standard applies in this situation as well. *See e.g. Turner v. Ruta*, 173 B.R. 165, 167 (D.C.Ill.1994); *In re Food Barn Stores, Inc.*, 214 B.R. 197, 200 (8th Cir. BAP 1997); *In re Cahn*, 188 B.R. 627, 631–632 (9th Cir. BAP 1995). It is, of course, the movant's burden to demonstrate that excusable neglect exists. *Food Barn*, 214 B.R. at 200.

■ Considering movant's demonstration on the factors laid out in *Pioneer*, the court makes the following observations.

There is no prejudice to the debtor, beyond that associated with having to defend this court's decision on appeal. Having to do so may well be inconvenient and perhaps aggravating, especially because debtor undoubtedly thought that the deadline for appealing had expired without any action on movant's part; yet, this adverse consequence should not be sufficient to prevent a finding of excusable neglect. If it were, a belated motion for an extension of time could never be granted because the obvious result of granting such a motion is to put one party to the burden of defending an appeal that would not otherwise exist.

The length of the delay between the deadline for filing a timely notice and Welbilt's motion, which was accompanied by a notice of appeal, was slightly more than ten days. While this might seem to be somewhat lengthy, it is explained (aside from the issues associated with weekends and holidays) by the fact that Indianapolis and Fort Wayne counsel were each operating under the assumption that the other had filed the notice of appeal and it was not until they were engaged in preparing the requisite appellate designations that they learned neither of them had done so. When this fact came to light, they promptly filed the motion and supporting materials presently before the court. Consequently, not only did the movant act with reasonable dispatch as soon as counsel realized their error, but it also appears that the error was discovered in connection with counsels' efforts to appropriately and timely prosecute the appeal they believed they had filed. Furthermore, the debtor's case has been dismissed and the only issue before the court was whether that dismissal would be with or without any type of prejudice. Consequently, the delay will have absolutely no impact on further proceedings.

■ The reason for the delay was certainly due to the factors within the reasonable control of movant's counsel. A greater attention to detail, appreciation for the urgency of the filing in question and better communication between the Fort Wayne and Indianapolis offices would have prevented the problem counsel now confronts. Nonetheless, this type of "inadvertence, mistake or carelessness" is not beyond the scope of excusable neglect. *Pioneer*, 507 U.S. at 388, 113 S.Ct. at 1495. To the contrary, it seems to represent the kind of understandable and regrettable human error that often befalls mortals. Admittedly, such clerical or law office problems do not rank high on the list of forgivable errors, *Pioneer*, 507 U.S. at 398, 113 S.Ct. at 1499, yet, neither are they beyond its pale. Instead, the reason for the delay is just one of the various factors the court is to consider in determining whether, "taking account of all relevant circumstances," *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498, the belated filing arises out of excusable neglect.

The final factor the court is to consider is whether movant acted in good faith. In this regard movant's good faith is not challenged. There is nothing to suggest that the failure to file the notice within the time

required was the product of a conscious attempt to delay or manipulate the proceeding or that it was anything other than an honest mistake.

Debtor has objected to Welbilt's motion and, relying upon *Food Barn,* 214 B.R. 197; *Turner,* 173 B.R. at 165; *In re Pernie Bailey Drilling Co., Inc.,* 111 B.R. 561 (Bankr.W.D.La.1989); and *In re W & L Associates, Inc.,* 74 B.R. 681 (Bankr. E.D.Pa.1987), argues that movant has failed to demonstrate excusable neglect. Having considered these decisions, the court concludes that they do not provide appropriate guidance in this particular situation. Three of them—*Food Barn, Turner,* and *Pernie Bailey Drilling*—stand for the proposition that ignorance or miscalculation of the deadline for filing of a notice of appeal does not constitute excusable neglect. The court has no quarrel with this proposition; nonetheless, it is not confronted with a situation in which counsel was either unaware of or miscalculated the appellate deadline. To the contrary, counsel accurately calculated that deadline and were attempting to comply with it. It was another kind of error—a miscommunication between counsel and a failure to appreciate the importance of documents—that led to the missed deadline. Admittedly, the fourth decision debtor relies upon, *W & L Associates, Inc.,* does stand for the proposition that this type of miscommunication and the failure to appreciate the urgency of things does not constitute excusable neglect. *W & L Associates, Inc.,* 74 B.R. at 684–685. Nonetheless, that decision predated *Pioneer* and applied a strict standard for determining what might constitute excusable neglect, which was then "considerably heightened" because the court was dealing with an appellate deadline. *Id.* at 683. Such an approach is inconsistent with the flexible leniency of *Pioneer. See Turner,* 173 B.R. at 166–167.

On balance, after considering the factors identified by the United States Supreme Court in *Pioneer,* the court concludes that Welbilt's failure to file a timely notice of appeal from the decision and order issued on January 29, 2001 was due to excusable neglect. Accordingly, its motion for an extension of time will be granted and the deadline extended to and including February 28, 2001.[2] An order doing so will be entered.

**2.** Although Bankruptcy Rule 8002(c)(2) permits the court to grant a belated extension of time in which to file a notice of appeal, the court may not extend that deadline for more than twenty days. The court also notes that Welbilt filed a notice of appeal on February 21, 2001, along with the present motion.