### In re HEARTLAND MEMORIAL HOSPITAL, LLC, Debtor.

#### No. 07–20188 JPK.

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

June 21, 2012.

---

Chester H. Foster, Jr., Foster, Kallen & Smith, Homewood, IL, Christopher J. Horvay, Gould & Ratner LLP, Chicago, IL, for Debtor.

*MEMORANDUM OF DECISION AND ORDER CONCERNING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL ("MOTION")*

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

The Motion, which was filed by Dr. Jeffrey R. Yessenow ("Yessenow") on June 5, 2012, seeks the court's dispensation pursuant to Fed.R.Bankr.P. 8002(c)(2) to file a notice of appeal after the date upon which the notice was required to be filed by Fed.R.Bankr.P. 8002(a). The basis for the Motion is that a notice of appeal was not timely filed due to excusable neglect.

For the reasons hereinafter stated, the court determines that the Motion will be denied.

The order from which Yessenow proposes to take an appeal was entered as record #2286 on May 21, 2012. The foregoing document was entered as a separate "judgment" pursuant to the provisions of Fed. R.Civ.P. 58(a)[1]; a separate memorandum of decision with respect to the issues addressed by the order was entered as record #2285 on May 21, 2012. Notice of entry of the order was properly provided pursuant to Fed.R.Bankr.P. 9022(a). The order was docketed on the record of this case at 2:41 p.m. (EDT) on May 21, 2012. The Affidavit of Kristi L. Browne, which accompanies Yessenow's Motion, states that the order was received by her office on May 21, 2012 after 11:00 p.m. Thus,

---

1. The order related to a contested matter which arose from an application filed by David Abrams, as Liquidating Trustee and the court-appointed manager of the Heartland Memorial Hospital, LLC, with respect to employment of counsel for Mr. Abrams. The contested matter was formed by Yessenow's Motion to Disqualify Counsel filed as record #2281 on April 5, 2012. Fed.R.Bankr.P. 7058 (which in turn incorporates Fed.R.Civ.P. 58) is not applicable in contested matters, but nevertheless the court in this matter elected to enter a separate form of judgment/order. That order was entered in the manner required by Fed.R.Bankr.P. 5003, and thus it became effective on the date of its entry on May 21, 2012 pursuant to Fed.R.Bankr.P. 9021.

Yessenow's counsel received electronic notification of the entry of the order at issue on the same date upon which the order was entered.

The basis upon which Yessenow seeks relief under Fed.R.Bankr.P. 8002(c)(2) for failure to timely file a notice of appeal based upon "excusable neglect" is stated in paragraphs 2 and 3 of the Affidavit of Kristi L. Browne, as follows:

> 2. On May 21, 2012, the Court entered an order denying Dr. Yessenow's motion to disqualify and entered judgment on that order. The order and judgment were not electronically received by my office until after 11:00 p.m.
>
> 3. The docketing staff at my office therefore did not receive the order and judgment until May 22, 2012, and the deadline to appeal was docketed as fourteen days thereafter, June 5, 2012.

The Motion is governed by the provisions of Fed.R.Bankr.P. 8002(c)(2), which states:

> (2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later.

█ The deadline for filing a notice of appeal provided for by Fed.R.Bankr.P. 8002(a) begins with the proper docketing of record of the judgment/order from which an appeal is proposed to be taken. As stated in *Stelpflug v. Federal Land Bank of St. Paul,* 790 F.2d 47, 48–49 (7th Cir.1986):

> Bankruptcy Rule 8002(a), modeled after Rule 4(a) of the Federal Rules of Appellate Procedure, *see* Bankr.R. 8002(a), Notes of Advisory Committee on Rules, provides that "notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days from the entry of the judgment, order or decree appealed from." When entering an order on the docket, the clerk of the bankruptcy court is required to make a notation in the docket to show the date the entry was made, pursuant to Bankruptcy Rule 5003(a).
>
> · · ·
>
> "Entry" has a well defined meaning under the rules; it occurs only when the essentials of a judgment or order are set forth in a written document separate from the court's opinion or memorandum *and* when the substance of this separate document is reflected in an appropriate notation on the docket sheet assigned to the action. . . . [2]

In this case, the order was docketed as required, and the entry of the order was thus made on May 21, 2012.

█ Yessenow's contentions concerning "excusable neglect" revolve primarily around criteria stated in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), which did not address a deadline for filing of an appeal, but which many courts nevertheless apply to the circumstances of the instant matter. However, the appropriate

---

**2.** The appeal period applicable in this case is 14 days, as contrasted to the 10 days stated in the foregoing quotation.

standard by which to determine the Motion is not simply by means of a "scorecard" which applies the four criteria stated in *Pioneer*. Rather, as stated in *In re Gehl*, 324 B.R. 756, 759 (Bankr.N.D.Iowa 2005):

> Excusable neglect is not defined in the Bankruptcy Rules. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Gibbons v. U.S.*, 317 F.3d 852, 854–55 (8th Cir.2003) (citing *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489). An analysis of the relevant surrounding circumstances includes a consideration of the following factors: (1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Van Houweling*, 258 B.R. 173, 176 (8th Cir. BAP 2001) (citing *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489). "It is the movant's burden to demonstrate to the trial court that excusable neglect exists." *In re Food Barn Stores, Inc.*, 214 B.R. 197, 200 (8th Cir. BAP 1997).
>
> These four factors do not carry equal weight; *the excuse given for the late filing must be given the greatest import. Gibbons*, 317 F.3d at 854; *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460 (8th Cir.2000). "While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Lowry*, 211 F.3d at 463. To be excusable, the neglect

"need not be caused by circumstances beyond the control of the movant." *Id.* Instead, the central focus "must be upon the nature of the neglect." *Id.*

. . .

(T)he burden of establishing excusable neglect is quite onerous. Inadvertence, ignorance of the rules or mistakes in construing the rules do not usually rise to the level of excusable neglect. *In re Beiwel*, No. 00–00112–W, 2001 WL 753778 (Bankr.N.D.Iowa June 12, 2001). *Moreover, a party has an independent obligation to monitor the developments of a case to determine the deadline for appeal. Food Barn Stores*, 214 B.R. at 200; *In re Henry Bros. P'ship*, 214 B.R. 192, 196 (8th Cir. BAP 1997). (emphasis supplied)

Thus, the primary focus is upon the excuse given for late filing; *Symbionics, Inc. v. Ortlieb*, 432 Fed.Appx. 216 (4th Cir.2011).

 The basis for Yessenow's assertion of "excusable neglect" is not at all clear to the court. A separate form of judgment was entered on May 21, 2012. The fact of entry of that judgment was electronically noticed to Yessenow's counsel on May 21, 2012, and was in fact received by Yessenow's counsel's office on May 21, 2012. The best that the court can glean from Attorney Browne's affidavit is that the electronic notification from the court of the entry of judgment on May 21, 2012 was not opened in counsel's office until May 22, 2012, and that it was thus assumed that the date of entry of the judgment was actually May 22, 2012 when the electronic notification was actually perused by a person in counsel's office. Fed. R.Bankr.P. 9022(a) states the following, even in a context in which a court fails to provide notice of entry in any manner to parties:

Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002.

In the instant matter, notice of entry of the subject order was provided by the court, and was received by Attorney Browne's office, on the date upon which the subject order was entered. The implication of Attorney Browne's affidavit is that if the electronic notification of the entry of the order had been received by her office prior to the close of business on May 21, 2012, her staff would have recorded the deadline for filing a notice of appeal as being June 4, 2012. Given that lack of any notice would not extend the deadline, this argument is difficult to comprehend as a basis for "excusable neglect". Moreover, assuming that the staff opens emails when they arrive at work in the morning, why would that staff assume that an email appearing at that time would relate to an event which occurred that morning? It is incumbent upon attorney's offices representing parties who may wish to appeal an order to review the record as to the clearly designated date of entry of the order, as stated in *In re Davenport*, 342 B.R. 482, 499 (Bankr.S.D.Tex.2006) as follows:

> Bankruptcy Rule 9022(a) states that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." *See also United States v. Cont'l Airlines Corp. (In re Cont'l Airlines Corp.)* 67 B.R. 5, 7 (S.D.Tex.1986) (discussing Rules 8002 and 9022). The timeliness requirements of Rules 8002(a) and 8002(c)(2) are jurisdictional and strictly construed. *[In re] Salisbury*, 337 B.R. [588] at 591–92 [ (Bankr. N.D.Miss. 2006) ].[FN18]

FN18. (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988); *Bad Bubba Racing Prods., Inc. v. Huenefeld (In re Bad Bubba Racing Prods., Inc.)*, 609 F.2d 815 (5th Cir.1980); *Robinson v. Robinson (In re Robinson )*, 640 F.2d 737 (5th Cir. 1981); *Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle )*, 988 F.2d 29 (5th Cir.1993)).

Therefore, under Bankruptcy Rule 9022(a), the Defendant's late notice of the entry of the Judgment does not affect the Defendant's time to appeal, nor does it authorize this Court to relieve the Defendant of her failure to appeal within the time allowed, except as permitted in Rule 8002(c)(2) (which the Court addresses below). The Defendant's assertion that she did not receive actual notice of the entry of the Judgment until after the appeal period is irrelevant. *See Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle )*, 988 F.2d 29, 31 (5th Cir.1993). The period begins to run from the date of the Judgment's entry, not the date of service. *Id.*

It is "well settled that attorneys have a duty to monitor the dockets to keep themselves informed as to entry of orders they wish to appeal." *In re Futuronics Corp.*, 53 B.R. 126, 127 (Bankr. S.D.N.Y.1985) (citing, *inter alia, Billingsley v. Neary (In re Enerco )*, 43 B.R. 412 (Bankr.N.D.Tex.1984)). Further, "[i]t is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets." *Warrick v. Birdsell (In re Warrick )*, 278 B.R. 182, 187 (9th Cir. BAP 2002); *accord In re Anderson*, 330 B.R. 180, 187–88 (Bankr. S.D.Tex.2005) (quoting *Warrick*, 278 B.R. at 187); *Balzotti v. RAD Invs., LLC (In re Shepherds Hill Dev. Co.*

*LLC* ), 316 B.R. 406, 415 (1st Cir. BAP 2004); *United States ex rel. McAllan v. City of New York,* 248 F.3d 48, 53 (2nd Cir.2001); *see also Cont'l Airlines Corp.,* 67 B.R. 5, 7 (stating, "he [movant] had an affirmative duty to monitor the docket, and by neglecting to fulfill its duty, it cannot be entitled to the extraordinary relief from the Order as provided in Rule 60(b), Fed.R.Civ.P.," which provides for relief from judgment or order due to excusable neglect).

In short, when one receives notification of the entry of an order which one's client may desire to appeal, it is incumbent upon one to review the court's docket record to make certain what the date of entry of the order is. For whatever reason, Attorney Browne's office simply failed to perform this simple task, and no comprehensible reason has been provided for that failure.

Mistake in calculation of the deadline for filing a notice of appeal, given that all necessary elements were present in order to properly calculate the deadline and no exigent circumstance arose which prevented or impeded knowledge of that deadline, has routinely been held to not be excusable neglect. As stated in *In re Bushnell,* 273 B.R. 359, 368 (Bankr.D.Vermont 2001):

> Assuming *arguendo* that the claimants were entitled to proceed with an excusable neglect defense, this Court finds that the circumstances presented here do not meet the standard of excusable neglect as set forth by the Second Circuit in *In re PaineWebber Ltd. Partnerships Litigation,* 147 F.3d 132 (2nd Cir.1998) or the standard set forth by the U.S. Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates, L.P.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See In re Williams,* 216 F.3d 1295 (11th Cir.2000) (rejecting mistaken application of federal rules of civil procedure in bankruptcy case as

excusable neglect); *In re HML II, Inc.,* 234 B.R. 67 (6th Cir. BAP 1999) (ignorance of calendaring rule not excusable neglect); *In re Food Barn Stores, Inc.,* 214 B.R. 197 (8th Cir. BAP 1997) (applying *Pioneer* and rejecting mistake in calculating time for appeal under federal rules of civil procedures, rather than bankruptcy rules, as excusable neglect) (and cases cited therein); *In re Pyramid Energy, Ltd.,* 165 B.R. 249 (Bankr. S.D.Ill.1994) (confusing bankruptcy and federal rules regarding calendaring notice of appeal not excusable neglect); *In re Springfield Contracting Corporation,* 156 B.R. 761 (Bankr.E.D.Va.1993) (appeal filed one day late purportedly due to a tardy receipt of the appealable order and a busy trial practice not excusable neglect); *see also In re O.P.M. Leasing Services, Inc.,* 769 F.2d 911 (2nd Cir.1985) (mistake made by paralegal not excusable neglect); *Goldstein v. Wolfson,* 132 F.2d 624 (2nd Cir.1943) (trustee's failure to receive copy of appealable order does not excuse untimely appeal); *Turner v. Ruta,* 173 B.R. 165 (C.D.Ill.1994) (mistake by law associate in firm representing debtor as to deadline for filing notice of appeal not excusable neglect); *In re Dayton Circuit Courts # 2,* 85 B.R. 51 (Bankr.S.D.Ohio 1988) (no excusable neglect when error caused by associate who had been delegated responsibility to file appeal); *cf. United States v. Prairie Pharmacy, Inc.,* 921 F.2d 211 (9th Cir.1990) (a mistaken belief that appeal had been filed timely thereby precluding the need to file a timely motion for request for extension of time not excusable neglect); *O'Neal v. United States,* 264 F.2d 809 (5th Cir.1959) (same); *In re Hotel Syracuse, Inc.,* 154 B.R. 13, 19 (N.D.N.Y. 1993) (mistaken belief that appeal filed timely does not excuse an untimely motion for extension of time).

The Court acknowledges that the effect of Rules 8002 and 9006 is, in individual cases, sometimes harsh—some might even say draconian. But, the Court must also acknowledge that the certainty created by these rules is essential to expedient resolution of bankruptcy appeals, and the consistent enforcement of these rules is essential to maintaining an even playing field for all parties who litigate in bankruptcy cases. None of the arguments presented by claimants' counsel nor the cases decided on this issue provide this Court with authority for relieving claimants from the requirements of Rules 8002 and 9006.

Yessenow relies in part upon the decision of the Honorable Robert E. Grant in *In re Hall,* 259 B.R. 680 (Bankr.N.D.Ind. 2001). In that case, Judge Grant determined that excusable neglect had been demonstrated due to a breakdown in communication between two offices of the same law firm, with respect to the immediate necessity to file a notice of appeal upon the date upon which it was received by one office from the office which prepared it. The circumstances in *Hall* are different from those here—this case is simply a case of miscalculation of the deadline due to neglect in undertaking procedures which could easily have established the correct deadline. In this context, Judge Grant stated in *Hall:*

Debtor has objected to Welbilt's motion and, relying upon *Food Barn,* 214 B.R. 197; *Turner,* 173 B.R. at 165; *In re Pernie Bailey Drilling Co., Inc.,* 111 B.R. 561 (Bankr.W.D.La.1989); and *In re W & L Associates, Inc.,* 74 B.R. 681 (Bankr.E.D.Pa.1987), argues that movant has failed to demonstrate excusable neglect. Having considered these decisions, the court concludes that they do not provide appropriate guidance in this particular situation. *Three of them— Food Barn, Turner, and Pernie Bailey Drilling—stand for the proposition that ignorance or miscalculation of the deadline for filing of a notice of appeal does not constitute excusable neglect. The court has no quarrel with this proposition;* (emphasis supplied)

*Hall,* 259 B.R. at 683. *Hall* provides no support to Yessenow in the factual context of this matter.

In order to apply the balancing circumstances stated in *Pioneer, supra.,* the court must first determine that the neglect in filing a timely notice of appeal was excusable. In this matter, it was not. Yessenow's argument invites all manner of invocations of "excusable neglect" based upon when notice of the entry of an order or judgment was actually received, even though it is clear that the entry of judgment is the terminal date for the beginning calculation of the appeal deadline even if no notice is ever received. It was a simple matter in this case for Attorney Browne's office—which is a registered user of the CM/ECF system—to open the docket record in this case to determine the date upon which entry of the order was actually made, and then to properly calculate the 14–day appeal period based upon that simple act. The one-day delay from which Yessenow seeks to be excused was addressed in *Brainerd v. Beal,* 498 F.2d 901, 902–903 (7th Cir.1974), as follows:

The district court's judgment was rendered on January 30, 1973, and the docket sheet prepared by the clerk of the court lists entry of that judgment on January 30, 1973. The notice of appeal stated it was 'from the order dismissing the amended complaint entered in this action on the 30th day of January, 1973.' However, the notice was not filed until March 2, 1973, a date not within thirty days from January 30. Rule 4(a) Federal Rules of Appellate Procedure. We

hold that Brainerd's notice of appeal was not timely filed and that we are therefore without jurisdiction to entertain the appeal. Rule 3(a) Federal Rules of Appellate Procedure; *Washington v. United States,* 450 F.2d 945 (3rd Cir.1971); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 303 F.2d 609 (7th Cir.1962).

. . .

Our holding may appear harsh; yet in *Washington v. United States, supra,* the notice of appeal was filed but one day late. Were we to entertain appeals whose notices were filed one day late, in the absence of circumstances warranting a relaxation of the rule, there would be no rationale for not allowing appeals whose notices were filed two days or five days late. Mechanical rules 'must be mechanically applied in order to avoid (the) uncertainties' that arise when exceptions are made. *United States v. Indrelunas,* 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973). (footnotes omitted)

Based upon the foregoing, the court determines that Yessenow has failed to establish "excusable neglect" for an extension of time within the provisions of Fed. R.Bankr.P. 8002(c)(2), and that the Motion is to be denied.

IT IS ORDERED that the Motion for Extension of Time to File Notice of Appeal filed by Jeffrey R. Yessenow on June 5, 2012 is denied.