# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4096

_____

|  |  |  |
|---|---|---|
| In re Interco, Inc., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| _____ | * | |
| | * | |
| Gretchen's of Minneapolis, Inc., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Highland House, Inc., | * | District of Missouri. |
| | * | |
| Appellee. | * | |
| _____ | * | |
| | * | |
| Peter Lumaghi, Trustee. | * | |

_____

Submitted: May 10, 1999

Filed: August 13, 1999

_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and WATERS,[1] District Judge.

_____

_____

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, sitting by designation.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Highland House, Inc., filed a voluntary petition for reorganization, *see* 11 U.S.C. §§ 1101-1174, under the federal bankruptcy code, *see* 11 U.S.C. §§ 101-1330, and a little more than a year later filed its amended joint plan of reorganization. That plan, as relevant here, provided that any executory contracts not listed on a particular schedule would "be deemed rejected by the Debtors pursuant to [11 U.S.C. § 365]." A short time after the plan was filed, the bankruptcy court entered an order stating that all claims on rejected executory contracts had to be made by September 2, 1992, or they were "forever barred and shall not be enforceable." Gretchen's of Minneapolis, Inc., a sales representative of Highland, filed a claim on its rejected executory contract two days after the established deadline. The bankruptcy court[2] held that the claim was time-barred, as did the district court.[3] Gretchen's appeals, and we affirm.

## I.

Gretchen's argues that it received such short notice of the fact that its claim would be barred on September 2, 1992, that due process was violated. It is undisputed, however, that Gretchen's received a copy of the order fixing the bar date almost a month before the time expired for making claims. Gretchen's argues vigorously that it was entitled to earlier notice of Highland's bankruptcy proceedings under relevant provisions of bankruptcy law, *see*, *e.g.*, Bankr. R. 1007(b)(1), and that it did not receive such notice.

We note, in the first place, that this is an entirely new argument, one that was not raised in the bankruptcy court, and for that reason alone it must fail. *See*, *e.g.*, *First*

---

[2]The Honorable James J. Barta, United States Bankruptcy Judge for the Eastern District of Missouri.

[3]The Honorable Stephen Nathaniel Limbaugh, United States District Judge for the Eastern District of Missouri.

*Bank Investors' Trust v. Tarkio College*, 129 F.3d 471, 477-78 (8th Cir. 1997). But even if Gretchen's were entitled to earlier notice, a matter that we do not decide, its claim would fail, because we do not believe that the due process clause of the fourteenth amendment was violated by the notice that Gretchen's in fact received. Gretchen's had almost a month to file a single-page claim, and it failed to do so. Under the circumstances of the case, we find it impossible to say that notice of the relevant order was so short that a reasonable person would have been unable, or would have even found it difficult, to comply with the requirements of the order. *See In re Eagle Bus Manufacturing, Inc.*, 62 F.3d 730, 735-36 (5th Cir. 1995).

## II.

In the alternative, Gretchen's contends that its neglect should have been excused under Bankr. R. 9006(b)(1)(2), which provides for relief against certain time bars "where the failure to act was the result of excusable neglect." The bankruptcy court, after giving attention to the considerations identified in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 388, 395 (1993), denied the motion to file a claim out of time. We review the bankruptcy court's denial of a motion of this kind for an abuse of discretion. *See In re Food Barn Stores, Inc.*, 107 F.3d 558, 562 (8th Cir. 1997).

We see no abuse of discretion here. As the district court pointed out, Gretchen's had more than four weeks' notice of the date on which its claim was barred, and yet it failed to file the claim. There was nothing obscure about the notice, and Gretchen's to this day has not offered a reason for its failure to file within the allowed time. In these circumstances, we cannot say that the bankruptcy court erred in concluding that there was no excusable neglect connected with the untimely filing of Gretchen's claim.

## III.

Gretchen's maintains, finally, that it does not matter that it missed the deadline to file claims for rejected executory contracts, because its contract was not in fact

executory. It contends that Highland terminated the agreement with Gretchen's under the contract's own terms after Highland filed for bankruptcy, and the agreement does indeed contain a provision allowing either party to terminate it at any time on fifteen days' written notice. Gretchen's argues that its claim therefore is one for the business operations of the debtor during the pendency of a reorganization case, and is thus entitled to be treated as a claim for administrative expenses.

We cannot determine from the record how much, if any, of the claim from Gretchen's arose after the filing of the petition, but in any case we hold that the argument is without merit. As Gretchen's itself pointed out in the proceedings below, Highland never gave any written notice to Gretchen's of an intention to terminate and therefore any attempted termination was ineffective. *See also* Minn. Stat. Ann. § 325E.37(2)(a)(1), § 325E.37(3).

Perhaps Gretchen's means to say that the contract was breached, not terminated; but we believe that a breached contract is nevertheless an executory one for bankruptcy purposes. The bankruptcy code provides that an executory contract may be rejected only with the approval of the bankruptcy court, *see* 11 U.S.C. § 365(a), and if a reorganization debtor-in-possession can simply go into breach and avoid this provision, the provision would be rendered nugatory, a result that Congress could not have intended. *Cf. United States on Behalf of United States Postal Service v. Dewey Freight System, Inc.*, 31 F.3d 620, 624-25 (8th Cir. 1994). Here, Highland did not have the bankruptcy court's permission to go into breach when it purported to do so. We therefore reject the argument that the contract was not executory.

## IV.

For the reasons indicated, we affirm the judgment below.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.