# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

———

No.00-6085SI

———

In re:                                          *
                                                *
Albert Van Houweling and                        *
Jenny Van Houweling,                            *
                                                *
     Debtors.                                  *
                                                *
Dial National Bank,                             *
                                                *
     Appellant,                                *      Appeal from the United States
                                                *      Bankruptcy Court for the Southern
        v.                                    *      District of Iowa
                                                *
Albert Van Houweling and                        *
Jenny Van Houweling,                            *
                                                *
     Appellees.                                *

———

Submitted: January 23, 2001
Filed: February 7, 2001

———

Before KRESSEL, SCHERMER, and SCOTT, Bankruptcy Judges.

———

KRESSEL, Bankruptcy Judge.

Dial National Bank appeals from the order of the bankruptcy court[1] denying its motion to extend the time to file a notice of appeal. Because the bankruptcy court did not abuse its discretion in denying Dial's motion, we affirm.

BACKGROUND[2]

The debtors, Albert and Jenny Van Houweling, filed a chapter 7 case on April 10, 2000. On May 24, 2000, they served a motion to redeem under 11 U.S.C. § 722, which allows chapter 7 individual debtors to keep certain personal property free of a secured creditor's lien by paying the secured creditor in cash the value of the collateral.

The motion has not been made part of the record on appeal, but according to the debtors' brief and the bankruptcy court's order, the notice stated that June 12, 2000, was the deadline to object to the debtors' motion.[3] On June 16, 2000, four days after the deadline, Dial attempted to file a combined objection to the debtors' motion and its own motion for evaluation of collateral. The clerk did not file the objection, but rather stamped it "received" and called it to the attention of the court. On June 19, 2000,

---

[1] The Honorable Lee M. Jackwig, United States Bankruptcy Judge for the Southern District of Iowa.

[2] The record is scant. For example, Dial has included in its appendix copies of documents which have never been filed. This is an unfortunate side-effect of the bankruptcy court's decision to return documents. Dial's brief is filled with factual assertions which appear nowhere in the record. We limit, as best we can, our recitation of the facts to those which are actually in the record.

[3] While Dial states that perhaps it had an additional three days to file a response because of the provisions of Rule 9006(f), we disagree. The additional time provided by that rule for responding when service is made by mail, is only applicable when the response period is calculated from the date of service. Here, the date to file a response was a date certain, not dependent upon when it was served, and there is no additional time allowed by Rule 9006(f). *See* Fed. R. Bankr. P. 9006(f); *Constellation Development Corp. v. Dowden (In re McAdams)*, 999 F.2d 1221, 1225 (8th Cir. 1993).

2

the next business day, the court entered an order directing the clerk to return Dial's pleading because it did not comply with the court's local rules.

Also, on June 19, 2000, the court granted the debtors' motion to redeem. The order was entered the same day. The last date to timely appeal the June 19th order was June 29, 2000. Dial did not appeal, but on July 10, 2000, it filed a motion asking the court to extend the time for it to file a notice of appeal. The debtors objected and the bankruptcy court denied the motion in an order dated and entered on July 18, 2000. It is from that order that Dial now appeals. Dial's brief opens with the sentence, "[T]his appeal is from an Order of the United States Bankruptcy Court for the Southern District of Iowa granting the Debtors' Motion to Redeem certain collateral in which Appellant held a security interest." This statement is incorrect. Dial has never filed a notice of appeal from that order and we lack jurisdiction to review that order. We limit our review to the order appealed from, *i.e.*, the order denying the motion to extend the time for it to appeal.

## DISCUSSION

Orders denying motions to extend the time to file a notice of appeal are reviewed for abuse of discretion. *See Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 401 (8th Cir. 2000); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460, 462, 464 (8th Cir. 2000), *cert. denied*, ___U.S.___, 121 S. Ct. 309 (2000); *Gretchen's of Minneapolis, Inc. v. Highland House, Inc. (In re Interco, Inc.)*, 186 F.3d 1032, 1034 (8th Cir. 1999); *Nugent v. Betacom of Phoenix, Inc. (In re Betacom of Phoenix, Inc.)*, 250 B.R. 376, 379 (B.A.P. 9th Cir. 2000). An abuse of discretion occurs if the bankruptcy court relies upon erroneous legal conclusions or clearly erroneous factual findings. *Amtech Lighting Srvs. v. Payless Cashways (In re Payless Cashways, Inc.)*, 230 B.R. 120, 138 (B.A.P. 8th Cir. 1999), *aff'd*, 203 F.3d 1081 (8th Cir. 2000).

Under Federal Rule of Bankruptcy Procedure 8002(a), the normal period for filing a notice of appeal is ten days. Fed. R. Bankr. P. 8002(a). Dial did not file a timely notice of appeal. The time to appeal can be extended under Rule 8002(c)(2), which provides that a motion for an extension of time must be filed within the same ten day period. Dial also did not make such a motion. Rather, it relies on that part of Rule 8002(c)(2) which allows the bankruptcy court to extend the notice of appeal period based on a showing of excusable neglect. *See* Fed. R. Bankr. P. 8002(c)(2) (providing that "a motion filed not later

than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect").

The question in this appeal is whether or not the bankruptcy court's finding that Dial did not demonstrate excusable neglect for its failure to timely file a notice of appeal was clearly erroneous. Excusable neglect is a phrase that is not defined, but appears in a number of places in the Federal Rules, most notably, in Federal Rule of Civil Procedure 60(b)(1), which is incorporated into bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024. It also appears in Federal Rule of Appellate Procedure 4(a)(5)(A), which allows the district court to extend the time to file a notice of appeal upon a showing of excusable neglect if the motion is made within 30 days of the expiration of the of the appeal period. "Excusable neglect" also appears in Federal Rule of Bankruptcy Procedure 9006(b)(1), regarding enlargement of time, which provides generally that certain time periods can be extended when motions and extensions are made after the expiration of the time period, but only upon a showing of excusable neglect. *See* Fed. R. Bankr. P. 9006(b)(1).

In 1993, the United States Supreme Court interpreted the phrase "excusable neglect" as it was used in Rule 9006(b)(1). *See Pioneer Inv. Srvs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993). We are confident that the phrase and its interpretation is the same throughout the Rules, including its use in Rule 8002(c)(2). *See Ceridian*, 212 F.3d at 402-405 (applying *Pioneer's* interpretation of excusable neglect to Fed. R. Civ. P. 60(b)); *Lowry*, 211 F.3d at 462-64 (applying *Pioneer's* excusable neglect factors to Fed. R. App. P. 4(a)(5)); *Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 214 B.R. 197, 199-201 (B.A.P. 8th Cir. 1997) (wherein we previously applied *Pioneer's* excusable neglect interpretation to the rule in question, Fed. R. Bankr. P. 8002(c)). In *Pioneer*, the Supreme Court said that the determination of what sorts of neglect will be considered excusable is an equitable determination, taking account of all relevant circumstances including:

1. danger of prejudice to the debtor,
2. the length of the delay and its potential impact on judicial proceedings,
3. the reason for the delay, including whether it was within the reasonable control of the movant, and
4. whether the movant acted in good faith.

4

*Pioneer*, 507 U.S. at 395. The Court of Appeals for the Eighth Circuit has held that these four factors are not equal in weight: "the excuse given for the late filing must have the greatest import." *Lowry*, 211 F.3d at 463; *see also Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997 (stating that "[e]xcusable neglect means 'good faith and some reasonable basis for noncompliance with the rules'") (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)).

With this standard in mind, we examine Dial's reasons for not filing a timely notice of appeal. In its motion, Dial attacks the actions of the bankruptcy court. It attacks the clerk for not filing Dial's objection, arguing that this was a violation of Federal Rule of Civil Procedure 5(e). While that rule applies in adversary proceedings as a result of Bankruptcy Rule 7005, it does not otherwise apply in bankruptcy cases. Contrary to Dial's unsupported assertions, this matter was not an adversary proceeding under the Bankruptcy Rules. *See* Fed. R. Bankr. P. 7001. However, Fed. R. Bankr. P. 5001(a) contains language similar to that relied upon by Dial. Dial's assertion that the clerk refused to file its papers is mistaken because it was the court that reviewed the pleading and ordered that it not be filed and instead be returned. Dial goes on to argue that its response was timely; a rather incredible assertion in light of the fact that it was four days late.[4] While the assertion is both factually and legally incorrect, again the argument misses the point. The issue is not whether the bankruptcy court was correct or incorrect in its decision to approve the redemption, or even in its decision to return Dial's pleadings. The issue is whether or not Dial was guilty of excusable neglect when it missed the appeal period.

---

[4] Dial argues strenuously that its objection to the debtors' redemption motion was timely pursuant to certain inapplicable Federal Rules of Civil and Bankruptcy Procedure. Indeed, Dial intimates that it was free to ignore the explicit bar date provided in the notice because, according to Dial, the general time lines provided in the Federal Rules of Civil Procedure are superior to local rules and bar dates set by bankruptcy courts. Even if this were true, this does not demonstrate that any excusable neglect exists in Dial's failure to file a timely notice of appeal from the order granting the debtors' redemption motion. Even if Dial's misapplication of inapplicable Federal Rules could somehow be accredited with its failure to timely appeal, Dial has still failed to demonstrate excusable neglect. *See Pioneer*, 507 U.S. at 392 (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'"); *Ceridian*, 212 F.3d at 403-404 (noting that mistakes of law do not constitute excusable neglect); *Food Barn*, 214 B.R. at 200-201 (maintaining that mistakes caused by the ignorance or misapplication of the law, such as unfamiliarity with bankruptcy, are not excusable neglect).

In its motion for an extension of time, Dial makes no factual allegations or any attempt to explain why it missed the deadline to appeal.[5] Obviously, it is incumbent upon Dial, in making its motion, to make a factual showing of excusable neglect. *See Food Barn*, 214 B.R. at 200 (noting that the burden of demonstrating to the bankruptcy court that excusable neglect exists is on the movant). Instead, Dial offers no explanation of what its neglect was, much less why it was excusable. The only factual allegation remotely connected to this issue is its allegation that it did not receive the court's order (incorrectly referred to by Dial in its motion as a notice from the clerk) returning its objection and motion.[6] Like the bankruptcy court, we fail to see why the failure to receive this order constitutes excusable neglect for failing to appeal the order granting the debtors' motion for redemption. Dial makes no assertion, and certainly presented the bankruptcy court with no evidence, that it failed to receive the order granting the debtors' redemption motion. Dial made no showing of neglect, excusable or otherwise. Dial's failure to timely file a notice of appeal is simply inexplicable.

CONCLUSION

Since Dial failed to provide any evidence to support its claim of excusable neglect, the bankruptcy court did not abuse its discretion in refusing to extend the appeal period. Therefore, we affirm the bankruptcy court's order denying Dial's motion to extend the time to file a notice of appeal.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.

---

[5] Dial provided no evidence to support any of its factual obligations, but, for the purposes of this appeal, we assume the allegations to be true.

[6] Other factual assertions were made in Dial's brief and at oral argument. None of these "facts" were presented to the bankruptcy court, so we do not consider them.