# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———————————

No. 10-6027

———————————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Rodney Nathan Goodwin, | * | |
| doing business as Goodwin Family Farms, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Habbo Fokkena, U.S. Trustee, | * | Appeal from the |
| | * | United States |
| Plaintiff - Appellee, | * | Bankruptcy Court for the |
| | * | Southern District of Iowa |
| v. | * | |
| | * | |
| Rodney Nathan Goodwin, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————————

In re:                                         *
                                               *
Rodney Nathan Goodwin,                         *
doing business as Goodwin Family Farms,        *
                                               *
        Debtor.                                *
                                               *
St. Ansgar Mills, Inc.,                        *        Appeal from the
                                               *        United States
        Plaintiff - Appellant,                 *        Bankruptcy Court for the
                                               *        Southern District of Iowa
        v.                                     *
                                               *
Rodney Nathan Goodwin,                         *
doing business as Goodwin Family Farms,        *
                                               *
        Defendant - Appellee.                  *

No. 10-6049

In re:                                        *
                                              *
Rodney Nathan Goodwin,                        *
doing business as Goodwin Family Farms,       *
                                              *
        Debtor.                               *
                                              *
St. Ansgar Mills, Inc.,                       *        Appeal from the
                                              *        United States
        Plaintiff - Appellee,                 *        Bankruptcy Court for the
                                              *        Southern District of Iowa
            v.                                *
                                              *
Rodney Nathan Goodwin,                        *
doing business as Goodwin Family Farms,       *
                                              *
        Defendant - Appellant.                *

Submitted: September 23, 2010
Filed: October 13, 2010

Before KRESSEL, Chief Judge, SCHERMER and NAIL, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

This matter concerns three appeals related to two adversary proceedings tried in the bankruptcy court. Two of the appeals (Appeal Nos. 10-6027 and 10-6049) were filed by Rodney Nathan Goodwin (the "Debtor"). These two appeals concern the merits of the adversary proceedings filed by the United States Trustee (the "U.S. Trustee") and a creditor, St. Ansgar Mills, Inc. (the "Creditor"), against the Debtor.

3

After a combined trial on the complaints in the adversary proceedings, the bankruptcy court denied the Debtor's discharge. The bankruptcy court also determined that the specific debt owed to the Creditor would be non-dischargeable. The Creditor filed the third appeal (Appeal No. 10-6028), seeking reversal of an order of the bankruptcy court allowing the Debtor to extend the time to appeal the adverse bankruptcy court's order in the Creditor's adversary proceeding.

For the reasons set forth below, we reverse the bankruptcy court's order allowing the Debtor an extension of time to file his notice of appeal of the bankruptcy court's decision in the Creditor's adversary proceeding. As a result of our ruling, the Debtor's appeal was untimely, and his appeal of the bankruptcy court's decision denying his discharge is dismissed. Consequently, we also dismiss the Debtor's appeal of the bankruptcy court's decision in the U.S. Trustee's adversary proceeding since the denial of the Debtor's discharge by the Creditor leaves the Debtor no effective relief.

**ISSUE**

The issues on appeal are: (1) whether the bankruptcy court erred when it entered an order granting the Debtor's request for an extension of the time to file his appeal of the bankruptcy court's decision in the Creditor's adversary proceeding; and (2) whether the Debtor's appeal of the bankruptcy court's decision in the U.S. Trustee's adversary proceeding should be dismissed. We conclude that the bankruptcy court improperly allowed the Debtor to extend the time to appeal its decision in the Creditor's adversary proceeding and, accordingly, the Debtor's appeals of the bankruptcy court's decisions in the Creditor's and the U.S. Trustee's adversary proceedings should be dismissed.

## BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the Creditor commenced an adversary proceeding in the Debtor's bankruptcy case seeking a denial of the Debtor's discharge and the determination of the dischargeability of the debt owed by the Debtor to the Creditor. The U.S. Trustee commenced a separate adversary proceeding seeking denial of the Debtor's discharge. On April 23, 2010, the bankruptcy court held a consolidated trial on the two adversary proceedings. The bankruptcy judge read findings of facts and conclusions of law on the record in a bench ruling denying the Debtor's discharge and determining that the debt owed from the Debtor to the Creditor was non-dischargeable. The bench ruling was followed by a written orders entered the same day in each adversary proceeding denying the Debtor's discharge and providing that the court record would constitute the bankruptcy court's findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052(a)(1).

On May 10, 2010, after the applicable appeal period had expired, the Debtor filed identical motions in each adversary proceeding (the "Motion") asking the court to extend the time to file his notice of appeal. In the Motion, the Debtor asked for an extension of twenty days to file his notice of appeal. As the basis for his request, the Debtor asserted that because the bankruptcy court's ruling was oral, he needed a trial transcript to determine whether an appeal would be appropriate. He also explained that he wanted to review the bankruptcy court's "written decision with potential new appellate counsel." According to the Debtor's Motion, he requested a copy of the transcript on April 29, 2010. The Motion did not mention that the appeal period had expired before the Debtor requested an extension of it. The Creditor objected to the Debtor's request to extend the time to appeal. The U.S. Trustee did not object.

On May 11, 2010, the bankruptcy court held a hearing on the Debtor's request for an extension of time to appeal. The Debtor's counsel acknowledged that he was

inexperienced in adversary proceedings and that he had been mistaken about the law regarding the deadline to appeal the bankruptcy court's decision. He explained that he advised his client that he had 30 days to appeal since that is the "standard for federal civil cases." The Creditor argued that the Debtor should not be allowed an extension of time to appeal because he had failed to request the extension of time before the original deadline had passed. In addition, the Creditor explained that the grant of an extension of time to appeal after expiration of the original appeal period would require a showing of excusable neglect. According the Creditor, the Debtor had not alleged excusable neglect and the facts did not demonstrate that it existed.

The bankruptcy court determined that the Debtor should be granted an extension of time to file the notices of appeal until May 21, 2010 because the bankruptcy court's decision had been oral. Also on May 11, 2010, bankruptcy court entered docket text orders in each adversary proceeding extending the deadline for the Debtor to appeal. The Debtor's appeals of the bankruptcy court's decisions on the merits of the two adversary proceedings followed on May 21, 2010. The Creditor filed a timely notice of appeal of the bankruptcy court's May11, 2010 order allowing the Debtor an extension of time to appeal the bankruptcy court's denial of its discharge and the dischargeability of the debt to the Creditor.

## STANDARD OF REVIEW

We review the bankruptcy court's decision to allow a party additional time for a filing for an abuse of discretion. *Chorosevic v. Metlife Choices*, 600 F.3d 934, 946 (8th Cir. 2010), *Dial Nat'l Bank v. Van Houweling (In re Van Houweling)*, 258 B.R. 173, 175 (B.A.P. 8th Cir. 2001). An abuse of discretion occurs where "the bankruptcy court relies upon erroneous legal conclusions or clearly erroneous factual findings." *Van Houweling*, 258 B.R. at 175 (citation omitted).

6

## DISCUSSION

### Appeals Concerning Creditor's Adversary Proceeding

The Creditor's appeal asserts that the bankruptcy court improperly extended the deadline for the Debtor to appeal its decision in the Creditor's adversary proceeding. Federal Rule of Bankruptcy Procedure 8002 governs the time for filing a notice of appeal. Fed. R. Bankr. P. 8002. Subsection (a) of Rule 8002 provides that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). Subsection (c) of Rule 8002 explains the procedure for obtaining an extension of the time for appeal. Fed. R. Bankr. P. 8002(c). It provides, in pertinent part, that the request must be made in writing "filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of *excusable neglect*." Fed. R. Bankr. P. 8002(c)(emphasis added).

The parties agree that the Debtor did not request an extension of the time to file a notice of appeal until after the original appeal period had expired. Therefore, we address whether the bankruptcy court abused its discretion by granting the Debtor an extension to file his notice of appeal.[1]

---

[1]The Creditor asked the bankruptcy court to summarily deny the Debtor's request for extension of time without examining whether excusable neglect existed because the Debtor did not file his motion until after the original appeal period expired and he did not cite to the excusable neglect standard. It also argued on appeal that Rule 8002(c)'s excusable neglect standard "is not available or applicable to the Debtor." We do not think that the bankruptcy court acted improperly by considering whether the Debtor could obtain an extension of the deadline to appeal.

7

The Supreme Court set forth the standard for determining whether excusable neglect exists for the purposes of Fed. R. Bankr. P. 9006(b)(1). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). The Supreme Court's standard has been applied to determinations of excusable neglect under rules other than Rule 9006(b)(1), such as decisions about extending the time to file a notice of appeal. *See Van Houweling*, 258 B.R. at 175-76 (collecting cases). The determination regarding whether failure to comply with a deadline is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. The factors considered "include . . . the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Gibbons v. U.S.*, 317 F.3d 852, 854 (8th Cir. 2003)(quoting *Pioneer,* 507 U.S. at 395). "In cases where 'the judicial disfavor for default dispositions is not implicated,' courts may focus primarily on the reason for the movant's delay. *Chorosevic*, 600 F.3d at 947 (quoting *Gibbons,* 317 F.3d 852).

The Debtor did not cite to the excusable neglect standard or offer any evidence to show excusable neglect and the bankruptcy court made no findings to support its extension of the appeal deadline. *See Hartford Casualty Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 214 B.R. 197, 200 (B.A.P. 8th Cir. 1997))(movant has burden to demonstrate excusable neglect).

With respect to the primary focus of an excusable neglect determination, the reasons given by the Debtor for his delay, the Debtor simply did not provide support for a determination of excusable neglect. The only reasons given to the bankruptcy court for the failure to file a timely notice of appeal were that the Debtor wanted a copy of the transcript or "written decision" to give to potential appellate counsel and to review himself before deciding whether to appeal, and that the Debtor's counsel was mistaken about the law regarding the applicable appeal period.

The Debtor's argument that he was waiting for a copy of the transcript is of no consequence. He did not need to wait until he had a copy of the transcript before he filed a motion to extend the time to appeal. Rather, he could have filed his motion to extend time before the appeal period had expired. Finally, any argument by the Debtor that he was waiting for a written decision by the court is similarly unpersuasive.

"Although inadvertence, ignorance of the rules, or mistakes concerning rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. The Debtor's reliance on his attorney's application of the incorrect law regarding the applicable appeal period did not provided a basis for a finding of excusable neglect. *See Ceridian Corp.,* 212 F.3d at 404 (mistakes of law do not constitute excusable neglect)*; Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463-464 (8th Cir. 2000)(citation omitted)(counsel's misapplication of clear procedural rule was not excusable neglect), *cert. denied,* 531 U.S. 929 (2000); *Food Barn*, 214 B.R. at 200-201 (counsel's mistake in calculating time for appeal under non-bankruptcy rules was not excusable neglect); *Van Houweling*, 258 B.R. at 176 n.4 (in dicta)(even if misapplication of inapplicable rule could be accredited with late appeal, party still would not have established excusable neglect). Rule 8002(a) clearly provides that the deadline for filing a notice of appeal runs from "the entry of the judgment, order, or decree" being appealed. Fed. R. Bankr. P. 8002(a). It makes no specific reference to or exception for the time required to obtain a transcript of a court's oral findings of fact and conclusions of law. Even if the Debtor's counsel did not have prior experience with adversary proceedings or bankruptcy appeals, he certainly could have calculated the proper deadline to appeal.

Neither the Debtor nor the bankruptcy court specifically addressed the remaining three *Pioneer* factors, but we gather the following from the record: (1) it

seems that the length of the Debtor's delay was minimal and would likely have little impact on the proceedings; (2) the Debtor appears to have acted in good faith; and (3) the prejudice to the Creditor is uncertain since the Debtor did not address the Creditor's argument that it would be prejudiced by the delay because it could not move forward with its proceedings against the Debtor in state court until this matter is resolved. The Debtor did not provide any evidence to prove excusable neglect and the bankruptcy court abused its discretion by extending the Debtor's deadline to file his notices of appeal without making findings.

## **Appeal of the U.S. Trustee's Adversary Proceeding**

Because we reverse the bankruptcy court's order extending the time for the Debtor to appeal the ruling in favor of the Creditor, the Debtor's appeal is dismissed as untimely. This leaves us with the Debtor's appeal of the bankruptcy court's decision in favor of the U.S. Trustee, denying the Debtor's discharge. Prosecution of the Debtor's appeal will not achieve the result the Debtor desires. The effect of our decision to dismiss the Debtor's appeal of the Creditor's ruling is that such ruling by the bankruptcy court stands: the Debtor's discharge is denied. The Debtor does not have an effective remedy by appealing the bankruptcy court's ruling in favor of the U.S. Trustee. If the Debtor was successful in his appeal of the U.S. Trustee's ruling, the denial of his discharge in favor of the Creditor still stands.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's grant of an extension of time for the Debtor to file a notice of appeal of the decision in the Creditor's adversary proceeding is reversed (Appeal No. 10-6028). The Debtor's appeals of the bankruptcy court's decisions in the U.S. Trustee's and the Creditor's adversary proceedings are dismissed (Appeal Nos. 10-6027 and 10-6049).

10