# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3572
_____

Chad Menter Hill

*Appellant*

v.

James L. Snyder

*Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 16, 2018
Filed: March 29, 2019

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

KELLY, Circuit Judge.

Chad Menter Hill sought discharge under Chapter 7 of the Bankruptcy Code. The United States Trustee requested and received an extension to file a complaint objecting to Hill's discharge after becoming aware of Hill's ties to business entities that were under a Florida receivership due to allegations of fraud. The bankruptcy

court[1] ultimately denied Hill's request for discharge on the basis of 11 U.S.C. § 727(a)(2)(A) for making transfers before filing for bankruptcy with the intent to remove funds from the reach of a creditor. The district court[2] affirmed the bankruptcy court's order granting the Trustee's request for an extension of time and its judgment denying discharge. Upon careful consideration, we affirm the order of the district court.

I

In March 2014, a Florida court appointed Burton Wiand as receiver to marshal and safeguard the assets of several Florida entities allegedly used to perpetrate a scheme to defraud hundreds of Florida investors by, among others, Hill's childhood friend Jeremy Anderson and Anderson's company Tri-Med Management, Inc. At the time, Hill was part owner of Interventional Pain Center (IPC), another business entity formed by Anderson, but neither he nor IPC was named in the Florida receivership action. After Wiand's appointment, Hill transferred funds from IPC to his own personal bank account, created additional bank accounts in the names of Tri-Med and IPC, and then used the Tri-Med account to transfer funds to IPC and himself.

On December 21, 2014, Hill filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in Minnesota. The bankruptcy court set March 16, 2015, as the deadline for interested parties to object to Hill's discharge. On March 10, Wiand filed a motion seeking an extension of the objection deadline and authorization to examine Hill under Rule 2004 of the Federal Rules of Bankruptcy Procedure, which permits the bankruptcy court to order the examination of the debtor

---

[1]The Honorable Katherine A. Constantine, United States Bankruptcy Judge for the District of Minnesota.

[2]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

regarding matters that may affect his right to discharge. Among other things, Wiand asserted that he wanted to examine Hill's ties to IPC and Anderson, because he had evidence that Hill had received funds traceable to the fraudulent scheme in Florida and that Hill may have conspired with Anderson to conceal proceeds of the Florida fraud from Wiand. Wiand also claimed that Hill had "grossly misrepresented" in his disclosures the amount of money he had received from entities associated with the fraudulent scheme and that, as the Florida receiver, Wiand might be a creditor in Hill's Minnesota bankruptcy case. On April 2, the bankruptcy court authorized Wiand to conduct the Rule 2004 examination of Hill and extended Wiand's objection deadline.

On June 5, Wiand conducted his Rule 2004 examination of Hill. On June 8, Wiand filed a motion seeking another extension of the deadline to object to Hill's discharge, asserting that he needed time to review the documents Hill had produced at the examination. Hill objected. At a July 29 hearing, the bankruptcy court rejected Hill's argument that Wiand had enough information to object by March 10, stating that if Wiand had objected to Hill's discharge in March, "it would have been perhaps subject to a successful Rule 8 motion or other motion under the rules for insufficient pleading."

On June 8, the Trustee also sought—under Rule 4004(b)(2) of the Federal Rules of Bankruptcy Procedure—an extension of the deadline to object to Hill's discharge. Rule 4004(b)(2) provides that:

> A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the [Bankruptcy] Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

The Trustee requested additional time to investigate, among other things, the documents Hill had produced at the Rule 2004 examination. Hill objected, claiming Wiand's March 10 motion already gave the Trustee knowledge of sufficient facts to file an objection by the March 16 deadline. At the July 29 hearing, the Trustee stated that nobody in the Trustee's office had seen Wiand's March 10 motion requesting an extension and authority to conduct Rule 2004 discovery until shortly before Hill's Rule 2004 examination. However, even if they had, the Trustee argued, six days would have been insufficient to put together allegations with the particularity required under the rules. Hill argued that the requested extension must be denied because the Trustee had failed to show that it did not have knowledge of Wiand's March 10 motion when there was evidence that the filing notice was sent to the Trustee's CM/ECF mailbox.

The bankruptcy court granted the Trustee's request for an extension of the objection deadline. The bankruptcy court concluded that "it is . . . actual knowledge that is in play here," but added, "if [Hill] wanted to insist on an evidentiary hearing on this issue, I don't think it would do [him] much good because in [discussing Wiand's June 8 motion] we talked a little bit about" whether there was "sufficient information in [Wiand's] March 10th" motion to file an objection "and I don't think that there is, that was the whole point of doing [Rule] 2004 exams thereafter."

After the bankruptcy court entered final judgment denying Hill's discharge, Hill appealed to the district court. Hill argued that the bankruptcy court had committed reversible error because receipt of Wiand's March 10 motion gave the Trustee constructive knowledge of sufficient facts to file its objection by the original March 16 deadline and therefore the Trustee's motion for an extension should have been denied. In the alternative, he argued that the bankruptcy court should have allowed an evidentiary hearing as to whether the Trustee had actual knowledge of Wiand's March 10 motion. The district court affirmed, concluding that the

-4-

bankruptcy court did not abuse its discretion in granting the Trustee's request without an evidentiary hearing because its decision clearly rested on its "factual finding that the Trustee had neither actual nor constructive knowledge of sufficient facts to bring an objection before the deadline." Hill appeals.

II

"As the second court of appellate review, we conduct an independent review of the bankruptcy court's judgment applying the same standards of review as the district court." Fix v. First State Bank of Roscoe, 559 F.3d 803, 808 (8th Cir. 2009) (quoting In re Falcon Prods., Inc., 497 F.3d 838, 841 (8th Cir. 2007)). We review orders denying or granting an extension of time to file an objection for abuse of discretion. See Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010). "An abuse of discretion occurs where 'the bankruptcy court relies upon erroneous legal conclusions or clearly erroneous factual findings.'" In re Goodwin, 437 B.R. 844, 847 (B.A.P. 8th Cir. 2010) (quoting Dial Nat'l Bank v. Van Houweling (In re Van Houweling), 258 B.R. 173, 175 (B.A.P. 8th Cir. 2001)). A "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

The sole issue on appeal is whether the bankruptcy court abused its discretion by extending the deadline for the Trustee to object to Hill's discharge under Rule 4004(b)(2) without an evidentiary hearing. Upon review, we agree with the district court that the bankruptcy court did not abuse its discretion by finding that the facts the Trustee was aware of, either actually or constructively, were insufficient to permit an objection by March 16. Ruling on the June 8 motions seeking additional time, the bankruptcy court openly questioned whether an objection based on Wiand's March 10 motion, which contained allegations that Hill had received funds traceable to the

fraudulent scheme in Florida and had attempted to conceal proceeds of the Florida fraud from Wiand, could survive the pleading threshold of Rule 8 of the Federal Rules of Civil Procedure. It explained that the "whole point" of authorizing Rule 2004 discovery was to allow Wiand the opportunity to prepare more fulsome pleadings. There is no clear error in its determination that six days would be insufficient for the Trustee to investigate further and compose allegations with sufficient particularity to satisfy the applicable pleading standards.

Hill contends that the bankruptcy court committed reversible error because Rule 4004(b)(2)(B) refers to constructive knowledge, not actual knowledge, and the bankruptcy court had no evidentiary basis to conclude that, having received Wiand's motion in its CM/ECF box on March 10, the Trustee did not have constructive knowledge of sufficient facts to object by the March 16 deadline. But we need not determine whether Rule 4004(b)(2)(B) refers to actual knowledge or constructive knowledge because even under Hill's theory of constructive knowledge, the Trustee could not have filed an objection by the initial deadline: the bankruptcy court found that the allegations set forth in Wiand's motion were insufficient to permit an objection by March 16. And, contrary to Hill's assertions, the bankruptcy court was not required to hold an evidentiary hearing before determining that six days was not enough time to investigate Wiand's allegations. The bankruptcy court needed only to examine and analyze the contents of Wiand's March 10 motion to make this determination. In these circumstances, "[w]e will not second guess the bankruptcy court's decision that the record was sufficient to make its ruling, and that nothing would be gained" by holding an evidentiary hearing. Behrens v. U.S. Bank, N.A. (In re Behrens), 501 B.R. 351, 356 (B.A.P. 8th Cir. 2013). The bankruptcy court did not abuse its discretion by granting the Trustee an extension under Rule 4004(b)(2) without an evidentiary hearing.

Accordingly, the order of the district court is affirmed.

_____