# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

*Nos. 19-6002, 19-6006, and 19-6007*

_____

*In re: Richard Michael Heyl; Jennifer Heyl*

*Debtors*

------------------------------

Steven Conway; Lori Conway; LorCon LLC #1; Lorcon LLC #4

*Plaintiffs - Appellants*

v.

Richard Michael Heyl; Jennifer Heyl

*Defendants - Appellees*

_____

Appeals from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 5, 2019
Filed: November 26, 2019

_____

Before SALADINO, Chief Judge, NAIL and DOW, Bankruptcy Judges.

_____

SALADINO, Chief Judge.

Appellants Steve Conway, Lori Conway, LorCon #1, LLC, and LorCon #4, LLC, appeal the following orders of the bankruptcy court[1]: A December 17, 2018, order granting a motion to dismiss an adversary proceeding; a January 9, 2019, order denying a motion for an extension of time to file a motion to reconsider and for rehearing; and a February 1, 2019, order denying a "Motion to Declare That Plaintiffs Have a Right to Appeal as a Right under FRBP 8002(d)(3), or Alternatively, to Determine that Due to Excusable Neglect, Plaintiffs [sic] Request to Extend the Time to Appeal is Extended Per FRBP 8002(d)(1)(B)." For the reasons that follow, we affirm the bankruptcy court.

## STANDARD OF REVIEW

Orders denying motions to extend the time to file a notice of appeal are reviewed for abuse of discretion. *Dial Nat'l Bank v. Van Houweling (In re Van Houweling)*, 258 B.R. 173, 175 (B.A.P. 8th Cir. 2001).

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

Likewise, orders denying or granting an extension of time to file a motion or objection are also reviewed under the abuse-of-discretion standard. *Hill v. Snyder*, 919 F.3d 1081, 1084 (8th Cir. 2019).

---

[1] The Honorable Charles E. Rendlen III, United States Bankruptcy Judge for the Eastern District of Missouri.

## BACKGROUND

The underlying adversary proceeding from which these appeals arose is part of a series of attempts by the appellants to collect money allegedly owed to them as a result of certain failed investments. Those attempts included two adversary proceedings, appeals to the B.A.P. and to the Eighth Circuit Court of Appeals, and two complaints to the State of Missouri's Securities Division. In this latest effort, the appellants filed with the federal district court a complaint to declare the debt non-dischargeable under 11 U.S.C. § 523(a)(19). The district court determined that the bankruptcy court was the appropriate forum for the complaint and referred the case.

The debtor-defendants moved to dismiss the referred case for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6). They also moved for sanctions under Federal Rule of Bankruptcy Procedure 9011.

The motion to dismiss was scheduled for hearing with the bankruptcy court on December 4, 2018. The hearing notice required a response to the motion by November 27, 2018. No written resistance to the motion to dismiss was filed on the docket. However, Mr. Conway attended the December 4 hearing along with his attorney (Mr. Fondren), whose services Mr. Conway was seeking to terminate. Proposed replacement counsel also attended, although he made it clear that he was still evaluating whether to take the case. As Mr. Fondren had not yet filed a motion to withdraw from representation, and as replacement counsel had not yet been secured, the hearing was continued to December 18, 2018.

On December 17, 2018, the bankruptcy court, after considering the record (including the lack of a written response to the motion), cancelled the December 18 hearing, granted the motion to dismiss, and denied the motion for sanctions. On that same date, Mr. Fondren filed his motion to withdraw.

On December 28, 2018, Mr. Conway, acting pro se because Mr. Fondren had filed a request to withdraw that had not yet been granted, filed a motion entitled "Plaintiff's Motion For Extension of Time to File Motion to Reconsider and Rehearing on Order Granting Motion to Dismiss and For Extension of Time to Seek New Counsel."[2]

On January 9, 2019, the bankruptcy court denied the December 28 motion, noting that the appellants had terminated the services of their attorney in mid-November 2018 and therefore had several weeks in which to obtain new counsel. The bankruptcy court made it clear that its prior experience with the appellants factored into the decision, saying: "Firing attorneys is not a mechanism by which one can buy time for extensions, and Mr. Conway has been cautioned about using such dilatory tactics in the past." On that same date, the bankruptcy court granted Mr. Fondren's motion to withdraw.

On January 15, 2019, new counsel for the appellants filed a motion for new trial and/or to amend judgment pursuant to Federal Rule of Civil Procedure 59. The bankruptcy court denied the motion as untimely on the same date.

On January 22, 2019, the appellants filed a motion "to declare that Plaintiffs have a right to appeal" and to extend time to appeal under Federal Rule of Bankruptcy Procedure 8002(d) for excusable neglect. Appellants also filed on that date a notice of appeal [Case No. 19-6002] concerning the December 17, 2018, order granting the motion to dismiss and the January 9, 2019, order denying the motion for extension of time to file a motion for reconsideration.

On February 1, 2019, the bankruptcy court denied both the request for a declaration that the appeal was timely and the motion to extend time to appeal. The

---

[2] The motion was filed by Steven Conway, purporting to act on behalf of all of the Plaintiffs. Since it is immaterial to this decision, we will not address the propriety of a non-lawyer purporting to file a motion on behalf of other persons and entities.

appellants filed notices of appeal concerning both parts of that order on February 15, 2019 [Case Nos. 19-6006 and 19-6007]. We subsequently consolidated Case Nos. 19-6006 and 19-6007 with 19-6002.

## DISCUSSION

The matters before us now are:

(i) 19-6002 – the January 22, 2019, notice of appeal that concerns the December 17th order granting the motion to dismiss and the January 9th order denying the December 28, 2018, motion for an extension of time to file a motion to reconsider and for rehearing;

(ii) 19-6006 – the February 15, 2019, notice of appeal of the bankruptcy court's February 1, 2019, order denying a motion to appeal out of time due to excusable neglect; and

(iii) 19-6007 – The February 15, 2019, notice of appeal of the bankruptcy court's February 1, 2019, order denying a motion to declare that the January 22nd notice of appeal was timely.

We begin our discussion with Case No. 19-6006 because its disposition directly affects the other appeals.

*19-6006 – Appeal of Order denying motion to appeal out of time for excusable neglect.*

This appeal is from the bankruptcy court's February 1, 2019, order denying the plaintiffs' motion to appeal out of time for excusable neglect. The United States Code, at 28 U.S.C. § 158(c)(2), provides that "[a]n appeal under [28 U.S.C. § 158(a) or (b)] shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by

Rule 8002 of the Bankruptcy Rules." Federal Rule of Bankruptcy Procedure 8002 establishes the time for filing notice of an appeal. Generally, a notice of appeal must be filed within 14 days after entry of the judgment, order, or decree being appealed. Rule 8002(a)(1). "Timely filing [of a notice of appeal] is not merely a procedural requirement, but 'is mandatory and jurisdictional.'" *United States v. Stute Co.*, 402 F.3d 820, 822 (8th Cir. 2005) (quoting *United States v. Fitzgerald*, 109 F.3d 1339, 1342 (8th Cir. 1997)).

> The Supreme Court "has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional," and if a party fails to appeal "within the time limited by the acts of Congress, [the case] must be dismissed for want of jurisdiction." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal quotations omitted). The statutory limitation is rigid. "The parties cannot waive it, nor can a court extend that deadline for equitable reasons." *Dolan v. United States*, 560 U.S. 605, 610 (2010).

*Nyffeler Const., Inc. v. Sec'y of Labor*, 760 F.3d 837, 841 (8th Cir. 2014).

Rule 8002 enumerates only two ways by which an appellant may have more than 14 days to file a notice of appeal. The first is if a party timely files a motion of the type listed in subparagraph (b)(1), in which event the time to file an appeal runs from the entry of the order disposing of the motion. The second – which is at issue in this appeal – is for a party to timely file a motion for extension of time to appeal under subparagraph (d)(1).

As an initial matter, there is no question that the February 15th appeal of the bankruptcy court's February 1st order was timely. However, the underlying issue in the February 1st order was a motion to extend the time to appeal the December 17, 2018 dismissal order on the basis of excusable neglect. The 14-day period to file an appeal from the order dismissing the adversary proceeding expired on December 31, 2018. As noted in the time line above, on January 22, 2019, the appellants filed a motion "to declare that Plaintiffs have a right to appeal" and to extend time to appeal

under Federal Rule of Bankruptcy Procedure 8002(d). That rule provides that "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule [14 days]; or (B) within 21 days after that time, if the party shows excusable neglect."

The twenty-first day after the initial 14-day appeal period was January 21, 2019. However, that day was a federal holiday. Bankruptcy Rule 9006 provides that if the last day of a period is a Saturday, Sunday or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday or legal holiday. The next such day was January 22, 2019. Therefore, the motion to extend time filed on January 22, 2019, was timely *if* appellant can show excusable neglect.

"Excusable neglect" is a term that is not defined in the federal procedural rules, but the United States Supreme Court's interpretation of it for Rule 9006 is commonly applied throughout the rules, including for Rule 8002(d)(1)(B). *Dial Nat'l Bank v. Van Houweling (In re Van Houweling)*, 258 B.R. 173, 175-76 (B.A.P. 8th Cir. 2001).

> In *Pioneer [Inv. Services Co. v. Brunswick Assocs., 507 U.S. 380 (1993)]*, the Supreme Court said that the determination of what sorts of neglect will be considered excusable is an equitable determination, taking account of all relevant circumstances including:
>
> 1. danger of prejudice to the debtor,
> 2. the length of the delay and its potential impact on judicial proceedings,
> 3. the reason for the delay, including whether it was within the reasonable control of the movant, and
> 4. whether the movant acted in good faith.
>
> *Pioneer*, 507 U.S. at 395. The Court of Appeals for the Eighth Circuit has held that these four factors are not equal in weight: "the excuse given for the late filing must have the greatest import." *Lowry [v. McDonnell Douglas Corp.,*

211 F.3d 457, 463 (8th Cir. 2000)]; *see also Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997) (stating that "[e]xcusable neglect means 'good faith and some reasonable basis for noncompliance with the rules'") (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)).

*Id.* at 176.

The appellants bear the burden of demonstrating that excusable neglect exists. *Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 214 B.R. 197, 200 (B.A.P. 8th Cir. 1997). Appellants provide several arguments that they believe support a finding of excusable neglect; that is, good faith and a reasonable basis for failing to comply with the time limit to appeal.

First, appellants argue that they tried to terminate Mr. Fondren's services by letter dated November 16, 2018, and were essentially acting pro se since then. As such, appellants feel that their actions and pleadings thereafter should be construed liberally in their favor. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

The bankruptcy court rejected that argument noting that Mr. Fondren did not file a motion to withdraw from representation until December 17, 2018, and his motion was not granted until January 9, 2019. By local rule in the district, an attorney remains counsel of record until the court authorizes his withdrawal upon written motion. Bankr. E.D. Mo. R. 2091-A(1). Therefore, Mr. Fondren remained counsel of record until January 9, 2019, which was well past the appeal deadline. Thus, the bankruptcy court did not feel compelled to provide appellants any special treatment as pro se parties and we see no abuse of discretion in reaching that conclusion.

Next, appellants argue that during the appeal period, Mr. Conway's mother was ill, necessitating trips to Iowa to attend to her. They also mention that Mr. Conway lives an unspecified distance from St. Louis, that his time to appeal was during a major holiday season, and that he was busy working on other appellate matters in a related case or cases. In other words, appellants argue that Mr. Conway was very busy during the appeal period. The bankruptcy court rejected this argument noting that on December 28 – which was three days before the time to appeal expired – Mr. Conway did file a motion asking for an extension of time to file a motion to reconsider. Because he had time to file that motion, he could have filed a notice of appeal or a motion to extend time to appeal. Again, we see no abuse of discretion by the bankruptcy court.

Accordingly, the bankruptcy court did not abuse its discretion in holding that appellants failed to demonstrate excusable neglect under Bankruptcy Rule 8002 (d)(1)(B).

*19-6002 -- Appeal of December 17th order granting the motion to dismiss and the January 9th order denying the December 28, 2018, motion for an extension of time to file a motion to reconsider and for rehearing.*

As discussed above, Rule 8002 enumerates only two ways by which an appellant may have more than 14 days to file a notice of appeal. The first is if a party timely files a motion of the type listed in subparagraph (b)(1), in which event the time to file an appeal runs from the entry of the order disposing of the motion. The second is for a party to timely file a motion for extension of time to appeal under subparagraph (d)(1).

The notice of appeal in Case No. 19-6002 was filed on January 22, 2019, which was five weeks after the December 17 order was entered, and two weeks after the January 9 order denying the appellants' motion for extension of time to (i) file a motion to reconsider and rehearing on the order granting the motion to dismiss and

(ii) seek new counsel. While the notice of appeal was too late for the dismissal order, it was timely as to the motion for extension of time.

The bankruptcy court's January 9 decision was based in part on the length of time between when the appellants terminated the services of Mr. Fondren and when they filed their pro se motion for an extension of time. The court discouraged the notion that firing one's attorney can be used as a tactical advantage in litigation and denied the motion to extend time.

The appellants argue that, contrary to the bankruptcy court's findings, they were not dilatory in proceeding without the assistance of counsel. Rather, the end-of-the-year timing, combined with the illness of Mr. Conway's mother, made it very difficult to find a new attorney and caused them to forge ahead on their own by filing a motion similar to what they had seen filed in their other appellate cases.

However, the record reveals appellants' disingenuousness in this aspect of the case. Mr. Fondren was not the only attorney to represent the appellants in the extensive bankruptcy court litigation. Up to the time of the bankruptcy court's order, five different attorneys had appeared on behalf of the appellants in the various adversary proceedings. These substitutions of counsel created delays – whether unintentional or not – in the proceedings, which appeared to the bankruptcy court to be unnecessary and frustrating. The court's decision to deny the appellants' attempt to delay the outcome of this adversary proceeding due to yet another possible change in counsel was not an abuse of its discretion.

Neither was the bankruptcy court's decision to rule on the motion without a hearing. Rule 9006 does not require hearings on motions to enlarge/extend time.

Appellants also argue that the December 28 motion filed by Mr. Conway should have been liberally interpreted as a motion for new trial under Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023--that is, a motion of the type listed in 8002(b)(1)--or as a motion to extend time to appeal under

Federal Rule 8002(d)(1)(A). In a subsequent order, the bankruptcy court explained its rejection of those arguments, saying:

> The motion was captioned as a request for an extension of time to file a motion for rehearing or reconsideration; it briefed the issue of whether it is proper to extend the time to file a motion for rehearing or reconsideration; and it demanded relief in the form of an extension of time "within which to file their Motion for Rehearing and/or Reconsideration and to seek new counsel." It made no reference to the deadline for filing a notice of appeal; the words "notice" and "appeal" do not appear therein.

Order of Feb. 1, 2019, Den. Pls.' "Mot. to Declare That Pls. Have a Right to Appeal " etc., at 7.

Despite the appellants' own characterization of the motion as a request for extension of time to file a motion for rehearing or reconsideration, they now argue that the bankruptcy court should have given it an "alternative possible construction" and interpreted it as either a motion for new trial under Rule 59 or request for extension of time to file an appeal. Interestingly, appellants make this argument for alternative interpretations without saying which they actually intended it to be. Again, they rely on their alleged pro se status at the time.

While pro se litigants are to be given the benefit of the doubt, they must nevertheless make an effort to comply with procedural rules.

> While a court generally affords pro se filings a liberal construction, a litigant's pro se status does not excuse him from reading the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). This is especially true in plaintiff's case, for he is both an educated

individual, and, as the record indisputably shows, an experienced litigant.

*Jiricko v. Moser & Marsalek, P.C.*, 184 F.R.D. 611, 615 (E.D. Mo.) (footnote omitted), *aff'd*, 187 F.3d 641 (8th Cir. 1999).

Moreover, the court need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what the movant actually seeks. A litigant, even a pro se one, bears some responsibility for advocating for himself. *See, e.g.*, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

Accordingly, even if the appellants were pro se at the time – which we agree with the bankruptcy court they were not – the bankruptcy court did not abuse its discretion in refusing to grant a motion they did not make.

Because the appellants did not file a motion of the type listed in Rule 8002(b)(1), nor a motion for extension of time in which to file a notice of appeal under Bankruptcy Rule 8002(d)(1)(A), the period for appealing the dismissal order expired without a timely appeal being filed.

As noted above, the absence of a timely notice of appeal deprives this court of jurisdiction to rule on the merits of the purported appeal. "[I]f a party fails to appeal 'within the time limited by the acts of Congress, [the case] must be dismissed for want of jurisdiction.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007), *quoted in Nyffeler Const., Inc. v. Sec'y of Labor*, 760 F.3d 837, 841 (8th Cir. 2014). *See also Hamilton v. Lake Elmo Bank (In re Delta Eng'g Int'l, Inc.)*, 270 F.3d 584 (8th Cir. 2001) (affirming the B.A.P.'s ruling that it lacked jurisdiction to consider an appeal when the notice of appeal was untimely filed).

Accordingly, in Case No. 19-6002, the appeal of the December 17, 2018, dismissal order must be dismissed for lack of jurisdiction. The appeal of the January 9th order denying the December 28 motion is affirmed.

*19-6007 -- Appeal of the bankruptcy court's February 1, 2019, order denying motion to declare that the January 22nd notice of appeal was timely.*

In this appeal, appellants seek a declaration that their January 22, 2019 notice of appeal for Case No. 19-6002 was timely. As discussed above, it was not. Therefore, the bankruptcy court did not abuse its discretion in denying the motion.

## CONCLUSION

For the foregoing reasons, the bankruptcy court did not abuse its discretion in entering the orders appealed from in Case Nos. 19-6006 and 19-6007, and they are hereby affirmed. In Case No. 19-6002, the bankruptcy court did not abuse its discretion in denying the December 28 motion and is hereby affirmed. Finally, the appeal in Case No. 19-6002 of the December 17, 2018, dismissal order is dismissed for lack of jurisdiction.

_____